J. M. MAXWELL, LEONARD E. SMITH, GEORGE D. AIKEN, HARRIET S. WILSON (HELEN ALLEN and W. J. ALLEN, Administrators of the Estate of H. F. ALLEN, Deceased), ASHER B. WILSON and HELEN ALLEN, Appellants, v. CITY OF BUHL, Respondent.

[236 Pac. 122.]

MUNICIPAL CORPORATIONS—DETACHMENT OF LANDS FROM MUNICIPALITY —"SYMMETRY."

In proceedings brought to detach land from the corporate limits of a municipality, under the provisions of C. S., secs. 4101–4108, as amended by chapter 111, 1921 Sessions Laws, if detachment of all tracts covered by the petition would materially mar the symmetry of the city, the court may award detachment as to one or more tracts which would not have that effect. *Held*, under the facts of this case, that detachment of certain tracts would not materially mar the symmetry of the city, while detachment of all tracts covered by petition would do so.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to detach lands from municipality. Judgment denying detachment. *Modified.*

Asher B. Wilson and J. Paul Thoman, for Appellants.

The provision that by the detachment of agricultural land the symmetry of the municipality shall not be materially marred must be construed so as not to destroy the purpose of the statute. (*Cole v. City of Watertown,* 34 S. D. 69, 147 N. W. 91; *Anaconda Min. Co. v. Town of Anaconda,* 33 Colo. 70, 80 Pac. 144.)

The statute intends that the settled portion of the city shall not be materially marred by the detachment of agricultural lands. (*Cavart v. Board of Commissioners of Ren-*

*ville County,* 153 Minn. 360, 190 N. W. 545; *Jones v. City of Red Lake Falls,* 116 Minn. 454, 134 N. W. 121.)

The detachment statute should be construed so as to effect its true intent and purpose, which is to permit the separation of farm land from the city. (25 R. C. L. 1077, 1078; *Pelletier v. City of Ashton,* 12 S. D. 366, 81 N. W. 735; *Sole v. City of Geneva,* 106 Neb. 879, 184 N. W. 900; *Bisenius v. City of Randolph,* 82 Neb. 520, 118 N. W. 127; S. L. 1917, chap. 169; S. L. 1919, chap. 98; S. L. 1921, chap. 111.)

J. W. Taylor and J. H. Sherfey, for Respondent.

"Symmetry," as employed by the statute here involved, means the general shape and outline of the municipality before detachment. If this symmetry is materially marred, detachment will be refused. (C. S., secs. 4104–4108, incl.; S. L. 1921, chap. 111; *Lyon v. City of Payette,* 38 Ida. 705, 224 Pac. 793.)

BUDGE, J.—This proceeding was instituted under the provisions of C. S., secs. 4101–4108, as amended by chapter 111, 1921 Session Laws, seeking to detach six separate tracts of land, used for agricultural purposes, aggregating approximately 250 acres, from the corporate limits of the City of Buhl. Appellants are joint owners of all the lands sought to be detached. The requirements of the statutes relating to filing of petition, service of the same upon the municipality, fixing date of hearing and publication of notice were properly complied with. No protests were filed and the matter was tried to the court upon appellants' petition and the answer of respondent. Testimony was introduced and the premises were thereafter viewed by the court. The only written finding made by the court was to the effect that such lands could not be detached or excluded from the City of Buhl without materially marring the symmetry of the city and the court concluded as a matter of law that appellants were not entitled to the relief prayed for. Judgment was thereafter entered denying the petition, from which judgment this appeal is prosecuted.

Appellants assign and rely upon six assignments of error. C. S., sec. 4105, provides that it shall not be necessary for the court to make written findings of fact or conclusions of law. In this case the court made the following finding: "That the lands sought to be excluded by this action are a part of the city of Buhl, Twin Falls County, State of Idaho and that said lands cannot be detached or excluded from said·City of Buhl without materially marring the symmetry of the said City," and based its judgment on this finding. One of the questions for our attention is whether or not there was justification for such finding. C. S., sec. 4104, provides that:

"No tract or tracts of land shall be detached from any city, town or village, which, by such detachment, would materially mar the symmetry of such municipality."

Appellants contend that the only evidence before this court was to the effect that detachment would not materially mar the symmetry of the city. The only evidence before this court is the map of the city of Buhl and the opinion evidence of witnesses for appellants and we are called upon to determine therefrom whether or not the finding of the trial court that the detachment of the several tracts of land would materially mar the symmetry of the city can be sustained. The lower court had before it the plat showing the tracts sought to be detached and personally viewed such tracts, as it is permitted to do under C. S., sec. 4104. The following is a plat of the City of Buhl:

Opinion of the Court—Budge, J.

The shaded portions indicate the tracts sought to be detached, which are also designated as Tax Nos. 108, 109, 110, 111, 112 and 113. The word "symmetry" as used in C. S., sec. 4104, does not seem to have been judicially defined. The definition given by Webster is as follows:

"1. A due proportion of the several parts of a body to each other; adaptation of the form or dimensions of the several parts of a thing to each other; harmonious relation of parts; as, the symmetry of a Greek temple.

"2. Conformance; consistency; congruity.

"3. Correspondence or similarity of form, dimensions or parts on opposite sides of an axis, center or a dividing plane."

The corporate limits of the City of Buhl cover a section of land and form a square. The main street of the city, which runs from the southeast corner to the northwest corner, forms the axis, the city being in exact geometrical symmetry. In determining whether or not the symmetry of the

city would be materially marred by detachment, as the word is used in C. S., sec. 4104, due regard must be had to the contours of the land covered by the city. Gullies and hills, while geometrically marring the symmetry, may still leave the city symmetrical in the terms of this statute. For this reason, probably, the legislature made provision for the viewing of the land by the presiding judge. In the instant case there is no testimony that the city of Buhl is not laid out upon level country, without hills, or gullies, so we can eliminate that feature here. The word "mar" as defined by Webster, means:

"2. To make defective; to do serious injury to; to damage greatly; to impair; spoil, ruin . . . . 3. To do physical injury to, especially by cutting off or defacing a part; to mutilate; mangle; disfigure, deface." And the word "materially" is defined by Webster as "2. With or with respect to, or in the state of, matter or physical substance. . . . . 4. In an important manner or degree; substantially; essentially; as, it materially concerns us to know the real motives of our actions."

Examining the map above, Tax Nos. 112, 108 and 111 cut out two triangular sections on the west side of the city; Tax No. 113 cuts out a triangular section on the northeast portion of the city, and Tax No. 109 cuts out an oblong portion one block wide and approximately four blocks long from the northwesterly portion of the city, the latter tract leaving a portion of the city on either side of it. From the plat it is apparent that the detachment of these tracts in their entirety would materially mar the symmetry of the city. C. S., sec. 4105, provides that:

"If said petition prays for detaching several tracts of land the court may enter judgment granting the prayer of the petition as to such tract or tracts as come within his findings as aforesaid and deny such petition as to such tract or tracts which do not come within his finding as aforesaid."

The power is therefore given to the court to detach one or more of the tracts covered by the petition, if the entire tract cannot be detached. In the instant case the court denied

the petition *in toto.* From our examination of the record, the evidence and the plat before us, and considering the fact that the city is laid out upon level country, the tracts designated as Tax Nos. 111 and 113 may be detached from the city without materially marring its symmetry, as appears from the following map:

It is contended that the evidence shows without conflict that each tract is not less than five acres and that the land is used exclusively for agricultural purposes and further that the lands do not receive sufficient special benefits to justify their retention within the corporate limits. Upon these questions the court made no written findings. That the lands sought to be withdrawn have been used for agricultural purposes and are so used and that each tract exceeds five acres, are overwhelmingly supported by the evidence, and it is further conclusively shown that these lands do not receive sufficient special benefits as distinguished

from general benefits to justify their retention within the corporate limits, and had the court made written findings to the contrary such findings would not have been supported by the evidence.

It is further contended that this action cannot be maintained for the reason that all of the necessary parties were not before the court. From the record it appears that the Buhl Improvement Corporation, Limited, holds a contract of sale and purchase from appellants to some of the lands sought to be detached. Appellants' Exhibit "D," introduced in evidence, being an explicit waiver and direct authority from the corporation to appellants to sue, would seem to render it unnecessary to decide whether a vendee under a contract to purchase is an owner within the meaning of C. S., sec. 4101. The giving of this authority to appellants authorized them to act for and on behalf of the Buhl Improvement Co., Ltd., and waived all of its rights as such purchaser so far at least as this question is concerned, even should it be conceded that the statute is entitled to a limited construction and that owners of the property only, and not one holding a contract of sale and purchase, are proper parties to the action.

From what has been said it follows that the judgment of the lower court should be modified to permit Tax Nos. 111 and 113 to be detached from the City of Buhl, and it is so ordered. Costs are awarded to appellants.

William A. Lee, C. J., Givens and Taylor, JJ., concur.

Wm. E. Lee, J., did not sit at the hearing and took no part.