(No. 5338. March 10, 1930.)

W. T. BALL and MARTHA J. BALL, Appellants, v. VILLAGE OF PARMA, a Municipal Corporation, Respondent.

[286 Pac. 24.]

Martin & Martin and R. A. Russell, for Appellants.

Ernest Anderson and T. A. Walters, for Respondent.

McNAUGHTON, J.—This is a special proceeding wherein the appellants, and the owners of seven other tracts, petition the district court under C. S., sec. 4105, as amended, for the detachment of their lands from the municipal limits of the Village of Parma. No question as to jurisdiction is raised, nor is there any dispute as to the extent of jurisdiction conferred upon the court under this statute as amended.

From the evidence the court found some of the tracts entitled to detachment and others not entitled to detachment. It was found from the evidence that among others the tract owned by appellants, designated in the record as the Ball tract, was not entitled to detachment. W. T. Ball and Martha J. Ball, the owners of the so-called Ball tract, alone have appealed, and here the court is concerned only with their said tract.

The power of the court in this proceeding is limited simply to determining from the evidence whether or not all the following facts exist relative to the tracts sought to be detached: (1) That the tract of land involved is within the limits of the municipality and contains more than five acres; (2) That the tract of land is used exclusively for agricultural purposes; (3) That the land does not receive sufficient special benefits to justify its retention within the corporate limits; (4) That by detachment of said land the symmetry of the municipality would not be materially marred.

That the court has no power or discretion beyond ascertaining the truth as to these facts and entering judgment accordingly is not disputed, and that such is the law has been found by this court. (*Lyon v. City of Payette,* 38 Ida. 705, 224 Pac. 793.)

Appellants' assignments of error raise this question: Was the trial court bound under the evidence to resolve all of these issues in favor of appellants and enter judgment detaching the tract in question?

That the tract contains more than five acres and is used exclusively for agricultural purposes is established without conflict in evidence, and we must assume that the trial court so found. The case turns upon the question whether or not the evidence is such as to warrant the trial court in failing to find for appellants on either or both of the other requirements. On this proposition there is a great deal of opinion testimony both *pro* and *con* of little or no probative force. However, certain conditions upon which these issues necessarily turn were testified on each side of both issues.

Among the municipal works and improvements on the land in question is a water main or pipe across this tract leading to the cemetery, from which domestic water is furnished upon monthly charge to the house of appellants for the usual modern household purposes, and also in the barnyard for stock purposes. Besides this it is shown that considerable of the land within the village as now laid out is of a wet, marshy character and that considerable expense has been incurred on behalf of the village in ditching and thereby draining such lands. A considerable portion of this work is required and has been done upon the land in question. There is testimony that this system of drainage successfully reduces the swamp character of the land through which the drain passes and thereby reclaims it from its former marshy condition. It is claimed by respondent that these facts show that the land in question in fact received sufficient special benefits to justify its retention within the corporate limits.

On the other phase it is apparent from the evidence that the proposed detachment of this tract would bring the west line of the village limits a quarter mile nearer the residence and business district and bring it up to the platted portion and within from 500 to 1,000 feet of the present business and community center of the village. Respondent claims that the situation and condition of the land is such that the symmetry of the village would be

marred by its detachment, and the resultant loss by the village of supervision over it.

In dealing with the question as to whether detachment would materially mar the symmetry of the village this court has held that the requirement is not concerned entirely with the mere regularity of the exterior boundary lines of the municipality. Something more than that is involved. (*Maxwell v. City of Buhl*, 40 Ida. 644, 236 Pac. 122.)

We think that the symmetry that is involved here is equally if not more concerned with the general outlook upon the surroundings within the village limits adjacent to residence and business districts than it is with the regularity of the exterior boundary lines. The lands and lots within a municipality are in important matters under the regulation of the village governing body, and it is thought that if to withdraw that regulation would permit of a condition which would mar the general surroundings in any definite section of the municipality, then the symmetry of the village would be marred to that extent, for to that extent it mars the harmonious relation of the different parts of the municipality for dwelling and business purposes. If to take village supervision from lands which by their proximity to the platted residence or business district would tend to mar the surroundings, then and on that account we think symmetry of the municipality would be marred by the detachment. Because it renders a part of the municipality, on account of the segregation, out of harmony with other parts in being less desirable for residential and business purposes, and on that account we think the symmetry of the municipality would be marred by the detachment. In other words, the symmetry of the municipality may require municipal authority over close-in, unplatted lands, though they may be agricultural in use, aside from the condition of the exterior boundaries. It will be noted in this case that each tract that was found to be entitled to detachment was not abutting upon any platted portion of the village. As the village remains after

this decree, there is considerable unplatted land between that which is platted and the city limits on every side. Over this land the village council has jurisdiction. If the Ball tract were removed this element of symmetry would be broken and the city limits would be against the border of the platted portion on the west side, and on that side only.

It seems to us that the trial court, in passing upon the evidence as shown by his decision, applied a proper consideration of the law involved, and that his decree has sufficient evidence to sustain it.

The judgment is affirmed. Costs to respondent.

Givens, C. J., and Lee and Varian, JJ., concur.

BUDGE, J., Dissenting.—In my opinion the judgment should be reversed and the cause remanded, with directions to the trial court to determine if any portion of appellants' approximately fifty-nine acre tract could be detached from the municipality without materially marring the symmetry of the village. The majority of the court is of the opinion such direction could not be made upon a reversal by this court, but does not hold another proceeding may not be instituted for such purpose.

By reason of it being unnecessary for the court under the statute (C. S., sec. 4105, as amended by Sess. Laws 1921, chap. 111, pp. 258–260) to make written findings upon which to enter judgment in a proceeding of the kind involved, it is difficult to determine upon which of the four grounds enumerated in the statute, all of which must be found to exist before judgment of detachment will be granted, the petition was or may be denied. As pointed out in the majority opinion herein, it is clear the tract in question contains more than five acres, used exclusively for agricultural purposes. But the evidence leaves in doubt whether the petition was denied on the ground of sufficient special benefits to justify the retention of said lands within the corporate limits of such municipality, or

that by detachment the symmetry of the municipality would be materially marred.

I do not gather from the opinion that the evidence is held sufficient to show sufficient special benefits to justify the retention; such a holding would not be tenable under the facts of this case. As I understand it, the affirmance is based mainly on the sufficiency of the evidence to demonstrate that detachment of the whole tract of appellants would materially mar the symmetry of the village. The majority opinion does not hold that detachment of a tract of different or smaller proportions than that sought to be detached would have this effect. Nor do I understand the majority as intending to preclude another action for the purpose of determining if a tract of lesser acreage might not be eliminated,—for instance, the northwest forty, —without materially marring the symmetry of the village. In other words, the present action would not be *res judicata* provided a subsequent action did not pray for a detachment of the whole tract here involved.

## MEMORANDUM.

LEE, J.—After the foregoing case had been argued, submitted and, after the court had considered it in conference, it had been assigned for written opinion, and after the foregoing opinion had been drafted, it was suggested by letter addressed to the court that the court was without jurisdiction, because the record discloses that the case was tried by Judge Bryan, but the reporter's transcript was settled by Judge Sutton, junior district judge.

Not one of the many cases cited is in point. In each and every one of them there had been no settlement of the transcript at all, a very different situation from the one presented here, where the formal order of Judge Sutton appears.

C. S., sec. 6497, provides:

"In the case of a vacancy in the office of any district judge, or in his absence from the judicial district or state, or his sickness or inability to act from any cause, motions

may be made before, or orders granted by, any other district judge, who shall have the same jurisdiction under this chapter as though he was the judge of said district, and orders, writs and judgments entered by such judge shall be made matters of record as herein directed and have the same effect as though made by the judge of said district.''

Nothing could be more positive than the concluding clause of this section; and, if applicable to a judge from an outside district, how much more applicable would it be to a judge whose immediate jurisdiction is coextensive with that of the other judge of the same district.

There is nothing in the record to show why Judge Sutton acted, or whether such a situation prevailed as is required by C. S., sec. 6497. But this is taken care of by the presumption that a judge in making an order does his duty and acts within his jurisdiction. (22 C. J. 128, par. 68; *Young v. Chesapeake etc. R. R. Co.*, 136 Ky. 784, 125 S. W. 241.) In fact, this presumption, in the present state of the record, would be conclusive without the help of C. S., sec. 6497. (*Kettenbach v. Walker*, 32 Ida. 544, 186 Pac. 912.) There is nothing in the contention.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.