(No. 6016. January 8, 1934.)

RUFUS E. DUNLAP and ARCHIBALD SMITH, Appellants, v. M. L. SAVAGE and W. W. PAPESH, Respondents.

[29 Pac. (2d) 493.]

Walter H. Hanson and F. C. Keane, for Appellants.

James A. Wayne, for Respondents.

MORGAN, J.—This is an action by appellants, against respondents, for damages for breach of contract to do assessment work on a group of nine mining claims and to drive a tunnel therein.

A copy of the contract was attached to the complaint and, by reference, made a part thereof. Respondents demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and an answer was filed in which was incorporated a demurrer to the complaint on the ground stated in that which had been overruled.

At the trial a jury was impaneled, counsel for appellants made the opening statement and called one of respondents · as a witness to establish the execution of the contract, which was introduced in evidence. During the direct examination of the second witness called, and before appellants rested, he was asked: "Who did the assessment work for 1927, '28 and '29?" To this question counsel for respondents objected, on the ground that it was immaterial, and the court sustained the objection; whereupon the following offer of proof was made:

"Mr. Hanson: The plaintiff's offer to prove by this witness that after the execution of the contract which is in evidence as plaintiff's exhibit A, the defendants paid to the plaintiffs under the terms of the contract, $166.67 at the time of the execution of the contract, thereafter and

on November 21, 1926, the defendants paid to the plaintiffs under the terms of the contract $416.68, and thereafter and on November 21, 1927, the defendants, under the terms of the contract, paid to the plaintiffs $416.67, or the balance of the $1,000.00 designated in the contract to be paid.

"The Court: I think Mr. Savage already testified to that.

"Mr. Hanson: Yes, I just wanted to follow it up.

"The Court: You will be permitted to prove that by one of your witnesses if you wish additional proof on it.

"Mr. Hanson: We also offer to prove that these claims are all unpatented as shown by the contract, and it is necessary to do $100.00 worth of work each year on each of them, aggregating $900.00 per year; that defendants did not do or offer to do any of this work and it was necessary for the plaintiffs to and they did do $900.00 worth of work on that ground for the year ending June 30, 1927, $900.00, for the year ending June 30, 1928 and $900.00 for the year ending June 30, 1929; that the face of the tunnel upon which the defendants were given an easement was approximately eleven hundred feet from the exterior boundaries of this group of claims, in other words it would have to go eleven hundred feet before it got into the Jack Waite ground, and at that time that work would have cost twelve dollars per foot."

Counsel for respondents objected on the ground that the proof offered was immaterial. After making a statement in support of his objection he said:

"If the court please, the evidence now being at a point where the agreement which is the basis of this action has been introduced and received in evidence, the defendants renew their demurrer to the complaint and to the evidence now in, upon the ground that the complaint does not state a cause of action, and it affirmatively shows the plaintiffs have no right of action against the defendants either for assessment work for three years or for damages growing out of failure to develop their claims, or this tunnel."

The offered proof was rejected and appellants made the following further offer:

"We offer to prove by this witness that neither of the plaintiffs, nor anyone acting for them or in their behalf ever declared a forfeiture or attempted to exercise a forfeiture or denied the defendants or either of them or anyone representing them the right to go in or out of said tunnel or anything in connection therewith."

This offer was objected to, on the ground that it was immaterial, and the objection was sustained, as was also the demurrer. The jury was discharged and judgment sustaining the demurrer to the complaint and to the evidence and dismissing the action was entered. This appeal is from the judgment.

■ ■ A demurrer to the evidence is unknown to the practice in Idaho. If respondents wished to move for a nonsuit, or a directed verdict, they should have waited until appellants rested.

■ I. C. A., sec. 5–608, permits a defendant to demur to the complaint and to answer at the same time; sec. 5–611 provides that objection that the complaint does not state facts sufficient to constitute a cause of action is not waived even though it is not taken by demurrer or answer, but neither these sections, nor any part of the law governing the practice in this state, gives a defendant a right to incorporate in his answer a demurrer and to therein specify a ground with respect to which the court has, by overruling a previous demurrer to the complaint, adjudged it to be sufficient.

I. C. A., sec. 7–206, prescribes the order in which a trial must proceed, unless the judge for special reasons otherwise directs. No reason appears in this case to justify departure from the order specified in the statute.

■ It is recited in the contract that appellants are the owners of the group of claims in question; that the property has been partially developed by a tunnel; that respondents have a lease on adjoining mining property and

are desirous of developing the same, at least in part, through the tunnel. The contract also contains the following provisions:

"Now, therefore, in consideration of the premises and of the sum of $1,000.00 to be paid to the first parties by the second parties in the manner hereinafter provided and set forth, it is agreed that the parties of the first part do hereby sell, give, grant and quit-claim to the parties of the second part a permanent easement to and. through said tunnel for the purpose of developing and operating said Jack Waite Mine with the right and privilege of extending the said tunnel into the said Jack Waite Mine, not only for prospecting and development purposes but also for the purpose of conducting and carrying on mining operations therein.

"It is provided that in order to hold this easement the parties of the second part must and shall commence to operate therein and to extend said tunnel into said Jack Waite Mine by not later than November 21st, 1926, and that after commencing said operations the parties of the second part· shall and will carry the same on continuously and without unreasonable delay until the same is completed. . . . .

"It is further provided that during the life of this agreement or until said tunnel shall be driven beyond the lines of the claims of the parties of the first part the second parties will perform the assessment work thereon by work in said tunnel and file proof of labor in the manner provided by law. . . . .

"The consideration of this agreement is to be as follows, to-wit: $166.67 down, the receipt whereof is hereby acknowledged; $416.68 on or before November 21, 1926, and $416.67 on or before November 21, 1927."

It is on this contract that appellants base their claim against respondents for damages· for failure to do the assessment work on the mining claims for 1927, 1928 and 1929, and to extend the tunnel as in the contract provided.

Respondents insist the forfeiture of the $1,000 paid by them is the only remedy provided for in the contract, for failure to keep and perform the conditions thereof to be by them kept and performed, and that appellants have no right to recover damages for their failure to do the assessment work and extend the tunnel. They rely on *Smith v. Beebe*, 31 Ida. 469, 174 Pac. 608.

The contract in that case was one of option to purchase mining property. It provided for the conveyance of the property if the purchase price therefor was paid as therein specified. The following language in that contract clearly indicates that a conveyance was to be made in future:

"WITNESSETH, that the parties of the first part . . . . do hereby covenant, promise and agree by and with the parties of the second part, to grant, bargain, sell and by good and sufficient deed deliver to the parties of the second part," etc.

It was also provided that first parties would place a deed in escrow, conveying the property to second parties, for delivery to them upon the payments being made as specified in the contract. Repeatedly, in that contract, the parties referred to it as an option, and what the court said with respect to it, on which respondents in this case rely, is reflected in the first section of the syllabus, as follows:

"A contract to convey mining claims which binds the holder thereof neither to make the specified payments nor to do or perform any of the acts stipulated therein to be performed by him except during the life of the contract, and which expressly gives him the option either to comply with its terms or to forfeit the 'option' is an option contract; and the holder is not a vendee but merely the owner of an option."

The contract in this case is not an option to purchase. It evidences the purchase from appellants and conveyance to respondents of an easement, which conveyance is expressed in the present tense, and it is not contemplated that it is to be made in future. It is thus stated:

"Now, therefore, in consideration of the premises and the sum of $1,000.00 to be paid to the first parties by the second parties in the manner hereinafter provided and set forth, it is agreed that the parties of the first part *do hereby sell, give, grant and quit-claim* to the parties of the second part a permanent easement to and through said tunnel", etc.

By this contract appellants granted an easement to respondents to use the tunnel and to extend it, but the latter were not obligated to do so. However, they were obligated to perform the annual assessment work on the claims, by work in the tunnel, "during the life of this agreement or until said tunnel shall be driven beyond the lines of the claims." The record does not disclose that appellants have done anything to terminate "the life of this agreement," nor to absolve respondents from the obligation to perform the annual assessment work until the tunnel has been driven to a point beyond the lines of the claims.

Respondents rely on the provision that "in order to hold this easement the parties of the second part must and shall commence to operate therein and to extend said tunnel into said Jack Waite Mine by not later than November 21st, 1926." That provision gave appellants the option to declare the easement forfeited if operations were not commenced by that time, but it was for appellants' protection, not respondents', and the latter cannot be heard to complain that it was not exercised against them, nor avail themselves of it to defeat the obligations of the contract. (*Cape May Real Estate Co. v. Henderson*, 231 Pa. 82, 79 Atl. 982; *Higgins-Jones Realty Co. v. Davis*, 60 Okl. 20, 158 Pac. 1160; *New Richmond Land Co. v. Ivanovich*, 52 Cal. App. 222, 198 Pac. 221; *Sigler v. Wick*, 45 Iowa, 690; *Meagher v. Hoyle*, 173 Mass. 577, 54 N. E. 347.

The contract does not provide for liquidated damages, nor does it limit appellants' recovery, for a breach thereof, to the $1,000 therein mentioned. (*Koch v. Glenn*, 53 Ida. 761, 27 Pac. (2d) 870.)

The judgment appealed from is reversed, with direction to grant a new trial. Costs are awarded to appellants.

Givens and Wernette, JJ., concur.

Budge, C. J., concurs in the conclusion reached, that the judgment should be reversed.

HOLDEN, J., Concurring.—I concur only in the conclusion that the judgment must be reversed and a new trial granted.

### ON PETITION FOR REHEARING.

#### (February 16, 1934.)

MORGAN, J.—Respondents petition for a rehearing and therein state: ''The court erred in its general holding that the objection that the complaint herein does not state facts sufficient to constitute a cause of action could not be made during the introduction of testimony by the plaintiffs, and before the plaintiffs had rested, but after it developed affirmatively in the trial that the plaintiffs had no cause of action against the defendants based upon the written agreement which was a part of the plaintiffs' complaint and which was introduced in evidence at the trial.''

The court did not so hold.

Respondents further assert ''the court erred in holding, inferentially at least, that the objections of the respondents upon which the lower court ordered a dismissal of this cause were in fact a demurrer to the evidence or a motion for a non-suit or directed verdict. That said objections were made under I. C. A. 5–611 to the complaint and to the evidence introduced in proof of said complaint, which objections had not been waived, and were available to the respondents at any stage in the proceedings, even in this court for the first time.''

As pointed out in the original opinion, counsel for respondents stated to the trial court, after objecting to an offer of proof, that "the defendants renew their demurrer to the complaint and to the evidence now in," and thereupon stated the ground upon which the demurrer was based. After the court sustained the objection to appellants' offer of proof, counsel for respondents stated: "For the purpose of the record we should have a decision on the demurrer." To which the court responded: "The demurrer will be sustained." Whereupon counsel for respondent stated: "I am referring to the complaint and the evidence and the demurrer is the last paragraph in the answer." In the judgment dismissing the action it is recited: "It is therefore ordered, adjudged and decreed that the demurrer of the defendants to the plaintiffs complaint herein and to the evidence offered in support thereof by the plaintiffs be, and the same hereby is sustained, and that plaintiffs take nothing by their said action, and that the same be dismissed, and that defendants recover their costs and disbursements herein, taxed at the sum of $3.00."

We are still of the opinion the trial court sustained respondents' demurrer to the complaint, incorporated in the answer, and, upon respondents' request, sustained a demurrer to the evidence before plaintiffs rested. We understand in states where the law provides for, or permits, a demurrer to the evidence its function is similar to that of a motion for a nonsuit, or directed verdict, as those motions are employed here. (64 C. J., beginning on page 371.)

We have not held, and do not desire to be understood as holding, that a trial court has no power to terminate a trial before plaintiff has rested if it should conclusively appear he cannot prevail. (64 C. J. 500.) We do hold the action of the trial court in terminating this case, when, and for the reason it was terminated, was erroneous. (64 C. J. 394, 397, 400, 431.)

I. C. A., sec. 5-611, relied on in the petition for rehearing is as follows:

"If no objection be taken, either by demurrer. or answer, the defendant must be deemed to have waived the same excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

There is nothing in this section to support the petition for rehearing.

The second assignment of error contained in the petition is as follows:

"If this court adheres to that part of its decision herein which holds that it was improper for the trial court to either sustain the respondents' demurrer to the evidence, or to the appellants' complaint, or to entertain the objection made by the respondents until after the appellants had rested their case, then this court erred in construing the agreement which was the basis of the appellants' cause of action, for the reason that the question of the construction of said agreement was not then before this court for decision."

As we understand this assignment of error it criticises our opinion for deciding that appellant's right of recovery was not defeated by anything contained in the contract, after having held the court erred in sustaining the demurrer to the complaint and to the evidence, and in entering a judgment of dismissal.

Respondents' contention that the contract gave appellants no claim against them and that no cause of action could be predicated thereon was fully argued and submitted to this court for decision. If we had found, on consideration of this case and of the contract from which it springs, that, as respondents insisted, appellants had no cause of action, it would have been our duty to sustain the judgment, regardless of the errors committed by the trial judge, for in that event the erroneous rulings could. not have affected the substantial rights of the parties. I. C. A., sec. 5–907, is as follows:

"The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect." (*Hartley v. Bohrer,* 52 Ida. 72, 11 Pac. (2d) 616.)

The rule of law stated in that section, and restated in many decisions of this court, made it our duty to examine the contract and complaint and determine therefrom whether a cause of action existed in favor of appellants and against respondents. The performance of that duty resulted in our decision that there is nothing contained in the contract which defeats the cause of action stated in the complaint, and that the trial court erred in taking the case from the jury and entering a judgment of dismissal. We adhere to that decision. Our opinion should not be construed to go further than to hold that as appears from the complaint and from the evidence introduced and that offered and rejected, a cause of action exists, based on the contract, in favor of appellants and against respondents. If facts exist which defeat that cause of action they may be shown at the trial.

The third and final assignment of error is:

"The court erred in its construction of said agreement in holding, if it is the intention of said decision to so hold, that the respondents were required by said agreement to do any act or thing, and particularly to do the assessment work on the mining claims mentioned in said agreement, save and except as a means of holding the easement already granted to, and paid for by, the respondents."

This assignment is based on the erroneous theory that the $1,000 mentioned in the contract was the sole consideration for the conveyance of the easement. An additional consideration was the agreement to do the assessment work, during the life of the contract, on the mining claims of appellants. The assignment also is based on a failure to distinguish between an option to purchase mining property and the contract here under consideration, which is a

conveyance of an easement through appellants' mining claims.

The petition for rehearing is denied.

Givens and Wernette, JJ., concur.

BUDGE, C. J., and HOLDEN, J., Concurring.—We concur in the opinion on rehearing only in the conclusion that the judgment must be reversed and a new trial granted.