This is a special proceeding to detach certain lands of respondent, Harold E. Hasbrouck, from the corporate limits of the City of Nampa. The petition was filed August 8, 1934. It alleges: That respondent is the owner and in the possession of the following described tracts of land: The Northeast Quarter of the Southeast Quarter and the East Half of the Northwest Quarter of the Southeast. Quarter of Section Twenty-eight, Township Three North, Range Two West of the Boise Meridian, in Canyon County, Idaho, containing fifty-three acres; that the said tracts of land adjoin each other; that the same contain more than five acres and are included within the corporate limits of the City of Nampa; that the said lands are used exclusively for agricultural purposes; that such tracts of land do not receive benefits sufficient to justify retaining them within the corporate limits of the City of Nampa; that by the detachment of said lands, the symmetry of the municipality would not be materially marred.
Appellant, the City of Nampa, demurred to the petition upon the ground generally, that it does not state facts *Page 356 
sufficient to constitute a cause of action or to entitle the respondent to the relief prayed for, and specially, upon the ground that the petition is ambiguous in certain particulars, not necessary to mention for reasons which will hereinafter appear, which demurrer was, by the court, overruled. Whereupon the City of Nampa answered the petition. It admitted that respondent is the owner of the lands described in his petition, that the said tracts of land adjoin each other and that they are included within the corporate limits of the City of Nampa, and denied all other allegations set forth in the petition. As an affirmative defense, the City alleges: 1. That the tracts of land sought to be excluded from the municipality are not exclusively used for agricultural purposes. 2. That the said tracts of land, and each of them, receive sufficient special benefits to justify the retention of the said lands within the corporate limits of the municipality. 3. That if the said lands were detached from the City of Nampa, it would materially mar the symmetry of the municipality. The matter was heard September 27, 1934. October 2, 1934, the court made findings and entered judgment, detaching the lands described in the petition from the corporate limits of the City of Nampa, from which judgment the City appeals.
It is complained that the court erred in overruling appellant's demurrer to the petition. Section 49-2301, I. C. A., covering the matter of the filing of a petition for the separation of agricultural lands from municipalities, provides as follows:
"Petition for separation — Agricultural purposes. — The owner or adjoining owners of any platted or unplatted tract or tracts of land containing not less than five acres, included within the corporate limits of any municipality in this state and used exclusively for agricultural purposes, provided, however, if there is upon or over such tract or tracts of land a railroad or canal right of way, such tract or tracts shall, if no other reason exists, be deemed to be used exclusively for agricultural purposes, within the meaning of this section, may petition the district court of the county in which such tract or tracts of land are situated *Page 357 
for a judgment and decree of the court detaching such tract or tracts of land from such municipality."
It will be noted that the statute does not expressly make any requirement as to what, if any, facts or reasons shall be alleged in a petition for severance of territory. Some statutes do not require that the petition shall allege the reasons, for example, Iowa. (Lorimor v. Incorporated Town of Lorimor,196 Iowa, 774, 195 N.W. 199.) Other statutes require that the petition must state facts sufficient to bring the case within the provisions of the statute. (43 C.J. 129, sec. 88.) If it be conceded that sec. 49-2301, supra, impliedly requires that a petition shall state the reasons for the desired detachment, then and in that case, no reasons other than those mentioned in the statute need be alleged, to wit: 1. That the petitioner is the owner of either platted or unplatted tracts of land, as the case may be, describing the tracts. 2. That each tract (if more than one) contains not less than five acres. 3. That the lands are included within the corporate limits of the particular municipality. 4. That the lands are used exclusively for agricultural purposes.
Respondent alleges that he is the owner of the above described tracts of land; that the tracts contain more than five acres; that they are included within the corporate limits of the City of Nampa and that the lands are used exclusively for agricultural purposes. It follows that the petition is amply sufficient. The allegation of the petition to the effect that the lands do not receive benefits sufficient to justify retaining them within the corporate limits of the City, and the allegation that by the detachment of the lands the symmetry of the municipality would not be materially marred, are mere surplusage. Therefore, whether the petition is subject to the objections made by appellant's special demurrer, which objections were levelled at such surplusage, is immaterial. And it may be added that, as a matter of fact, there is grave doubt as to whether a municipality may demur to a petition for the separation of agricultural lands. Section 49-2302, I. C. A., merely provides "that any person desiring to protest or object to *Page 358 
the granting of the prayer of said petition may do so by filing with the clerk of said court at least two days before the day set for the hearing of said petition his objections or protests in writing." Under the statute the only paper which may be filed by a municipality against the petition, in the form of a pleading, is one setting forth the "objections or protests" of the municipality. Inasmuch, however, as the respondent does not challenge the right of appellant to demur to the petition, we have given the demurrer full and careful consideration. The lower court did not err in overruling the demurrer.
It is also complained "that the evidence is insufficient to establish the existence of the facts or conditions to be found before the court could render judgment detaching the land from the corporate limits of the city of Nampa."
Under the statute (sec. 49-2305, I. C. A.), the court is required to find whether or not all the following facts exist: 1. That the tracts of land are within the corporate limits of the municipality and contain at least five acres. 2. That the tracts are used exclusively for agricultural purposes. 3. That the tracts do not receive sufficient special benefits to justify their retention within the corporate limits. 4. That by the detachment of the tracts the symmetry of the municipality would not be materially marred.
That the tracts of land in question each contain more than five acres, that the tracts are within the corporate limits of the City and that the tracts are used exclusively for agricultural purposes are expressly admitted by appellant on this appeal. It is, however, forcefully argued that the evidence is not sufficient to support the findings of the court that: "Such tracts of land do not receive sufficient special benefits to justify their retention within the municipality and that by the detachment of said lands the symmetry of the municipality would not be materially marred."
And it is contended that: "The availability of domestic water supplied by the city of Nampa and the fact that the water lines are available to all parts of the Hasbrouck property is a special benefit as distinguished from a general benefit." It is true that domestic water is available to the *Page 359 
Hasbrouck property, but that is due to the fact that respondent's predecessors in interest, by their own labor, and at their own expense, ran a pipe line to, and caused the same to be connected with, the city mains. It appears from the record that the tracts in question do not depend upon the city water for either domestic use or fire protection, in that there is a well on the tracts which produces from 300 to 400 inches of water, and that the well is available for both domestic use and fire protection. The record further discloses that nineteen farmers residing in the vicinity of the Hasbrouck property caused pipe lines to be laid to the city limits and to be connected with the city water mains, and that they are permitted to buy water from the city, and that these farmers, including respondent, apparently, have a fire truck for fire protection. It is at once evident that respondent does not receive any benefits not also enjoyed by nineteen farmers whose farms are wholly without the corporate limits of the City.
In support of its contention, appellant cites a number of cases involving street improvements and special assessments for the construction of sewers, which we do not regard as being applicable to the contention under consideration that "the availability of domestic water supplied by the city of Nampa and the fact that the water lines are available to all parts of the Hasbrouck property is a special benefit as distinguished from a general benefit."
It is also contended that "The detachment of the land results in the symmetry of the municipality being materially marred". It was held by this court in Lyon v. City of Payette, 38 Idaho 705,224 P. 793 (cited and approved in Ball v. Village ofParma, 49 Idaho 40, 286 P. 24), that the power of the court under the statute in a proceeding to detach lands (sec. 49-2305, supra), is limited simply to determining from the evidence whether or not all the following facts exist relative to tracts sought to be detached: 1. That the tracts of land are within the limits of the municipality and contain at least five acres. 2. That the tracts of land are used exclusively for agricultural purposes. 3. That the tracts of land do not receive sufficient *Page 360 
special benefits to justify their retention within the corporate limits. 4. That by detachment of the lands the symmetry of the municipality would not be materially marred. It being further held that upon the finding by the court of the existence of the facts which the statute requires shall be found, the law makes it the duty of the court to render judgment detaching the lands.
The trial court, after viewing the tracts in question, and the neighborhood with reference thereto, found the existence of all the statutory facts, and a careful examination of the record and study of the maps of the tracts and of the City, lead us to the conclusion that the evidence is sufficient to establish the facts so found by the court. Therefore, the lower court did not err in entering judgment detaching the tracts in question from the corporate limits of the City. Judgment affirmed. Costs awarded to respondent.
Morgan and Ailshie, JJ., concur.