(No. 6441.   October 20, 1937.)

FRED O. CHANEY and AMELIA A. CHANEY, Husband
and Wife, Respondents, v. VILLAGE OF MIDDLE-
TON, Appellant.

[72 Pac. (2d) 850.]

290

S. Ben Dunlap, for Appellant.

Donald Anderson, for Respondents.

MORGAN, C. J.— In the district court, and in the transcript and briefs herein, this case is entitled ''In the Matter of the Application of Fred O. Chaney and Amelia A. Chaney, husband and wife, to Detach Lands from the Corporate Limits of the Village of Middleton, Canyon County, Idaho.'' I. C. A., sec. 5–301, requires: ''Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by this code.'' The real parties in interest in this case are respondents, who sought to have their land detached from the village of Middleton, and appellant which sought to retain the land within the village limits.

The title of the case has been reformed to conform to the statutory requirement.

Respondents are the owners of a tract comprising approximately 74 acres of land within the corporate limits of the village of Middleton, which is used exclusively for agricultural purposes. In their petition they alleged the size of the tract, that it is within the village limits and used exclusively for agricultural purposes; also that it does not receive benefits sufficient to justify retaining it within the corporate limits of the village, and that by detachment thereof the symmetry of the municipality will not be materially marred. Appellant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action for the withdrawal of land from the village; also that the district court did not have jurisdiction over the subject of the action nor of the parties thereto. Respondents moved to strike the demurrer on the ground that no such pleading is authorized by the statutes of Idaho in cases of this kind, and asked that the default of the village for failure to appear or plead be immediately entered. Respondents' motion that the demurrer be stricken and appellant's default be entered was denied.

The demurrer was overruled, whereupon appellant answered and protested against the detachment of the land from its corporate limits. The case was tried on the petition and the answer thereto and protest of appellant. The trial resulted in a judgment that the land be detached and excluded from the village limits. This appeal is from the judgment.

Respondents insist their motion to strike the demurrer to the petition, and that appellant's default for failure to answer within the time prescribed by statute, should have been granted. They have not cross-appealed, and the ruling permitting appellants to file an answer and protest is not properly before us for review.

Appellant has assigned as error the action of the district judge overruling its demurrer, and insists the petition did not state facts sufficient to constitute a cause of action in that it failed to allege the village of Middleton is a municipal corporation.

It is true there is no direct allegation in the pleading that the village is a municipal corporation. It is therein alleged that petitioners are the owners of the land involved in this action and that it is within the corporate limits of the village of Middleton; that the land does not receive benefits sufficient to justify retaining it within the corporate limits of the village of Middleton, and that by the detachment of said land the symmetry of the municipality will not be materially marred. That is a sufficient allegation of the corporate existence of the village to conform to the requirements of I. C. A., sec. 49–2301, wherein it is provided:

"The owner or adjoining owners of any platted or unplatted tract or tracts of land containing not less than five acres, included within the corporate limits of any municipality in this state and used exclusively for agricultural purposes, . . . . may petition the district court of the county in which such tract or tracts of land are situated for a judgment and decree of the court detaching such tract or tracts of land from such municipality."

Although the allegations of corporate existence are inferential rather than direct, they could not have misled the village, its board, or its attorney, to its prejudice. An error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, cannot be made the basis of reversal of a judgment. (I. C. A., sec. 5–907; *Mattice v. Babcock*, 52 Ida. 653, 20 Pac. (2d) 207; *Dunlap v. Savage* (on rehearing), 54 Ida. 87, 95, 29 Pac. (2d) 493, 496; *Williamson v. Wilson*, 55 Ida. 337, 42 Pac. (2d) 290; *In re MacKenzie*, 55 Ida. 663, 46 Pac. (2d) 73.)

In the answer and protest it is alleged:

"that on or about the year 1926, the village, at the special instance and request of the said Fred O. Chaney, passed an ordinance, being ordinance No. 46, of said village, granting the petition of said Fred O. Chaney for the withdrawal and detachment of certain lands then within the corporate limits of said village, belonging to the said Fred O. Chaney, and in addition thereto, at the special instance and request of the said Fred O. Chaney, constructed a certain road or highway at a place designated by the said Fred O. Chaney on the

express written promise and agreement of the said Fred O. Chaney, made to the said village, that if the said village would so construct said road he would consent to have the lands herein described, and each and every part thereof, remain within the limits of said village."

The trial judge made no finding on the issue tendered by that allegation and appellant has assigned the failure to make a finding thereon as error. This assignment is without merit. I. C. A., sec. 49–2305, which provides for the entry of judgment in cases of this kind, contains the following:

"It shall not be necessary for the judge of the court, prior to entering his said judgment, or at any time, to make written findings of fact or conclusions of law."

Appellant insists the judgment is erroneous in that respondents agreed with the village to permit their land to remain within the corporate limits in consideration of the construction of the road and, the village having acted on the agreement and expended money in construction of it, and respondents having accepted the benefits thereof, were estopped from thereafter procuring segregation of their land from the village.

The evidence shows an agreement was entered into between respondent, Fred O. Chaney, and the village board that he would not insist on having his land detached from the village if it would change a road, which crossed his farm, to another location thereon where it would be less detrimental to him.

Assuming, but not deciding, such an agreement, if made, and performed on appellant's part, would be binding on respondents and prevent them, perpetually, from procuring the exclusion of their land from the village, the evidence does not support appellant's contention. It conclusively shows that, instead of changing the location of the road, appellant built another one on respondents' land and has since maintained two roads thereon instead of one. The consideration for the contract, if contract it be, was the abandonment of the road at the place where it was located, and relocation of it where it would be more advantageous, or less objectionable, to respondents. Building a second road and maintaining them both across respondents' land does not constitute per-

formance of the agreement on the part of appellant, and respondents are not bound thereby.

Appellant further contends the evidence is insufficient to sustain the judgment in that it does not show the detachment of the land will not mar the symmetry of the village; also that it fails to show the land does not receive sufficient special benefit to justify its retention within the corporate limits.

The symmetry of the village will not be marred by the change in its boundaries which will result in the detachment of respondents' land. There is some conflict in the testimony as to whether the land of respondents has derived, or will derive, any substantial benefit from being within the corporate limits, but that tending to support respondents' contention clearly preponderates over that offered in opposition thereto. The trial judge listened to the evidence and examined the premises. He had a better opportunity than have we to judge as to the credibility of the witnesses, and he was on the ground where he could see what they were testifying about. We would not be justified in so doing should we reverse his decision.

Judgment is affirmed. Costs to respondents.

Holden, Ailshie, Budge and Givens, JJ., concur.