515 P.2d 565

**Don HAMMOND and Marilyn Hammond, husband and wife, Plaintiffs-Respondents,**

v.

**CITY OF CHUBBUCK, a municipal corporation, Defendant-Appellant.**

**Dale D. HANCOCK and Mary Jean Hancock, husband and wife, Plaintiffs-Respondents,**

v.

**CITY OF CHUBBUCK, a municipal corporation, Defendant-Appellant.**

**Nos. 11237, 11238.**

Supreme Court of Idaho.

Oct. 22, 1973.

George W. Hargraves, Pocatello, for defendant-appellant.

William D. Olson, Pocatello, for plaintiffs-respondents.

BAKES, Justice.

These are consolidated appeals from judgments of the district court of the Sixth Judicial District wherein the court granted respondent Hammond's and respondent Hancock's separate petitions to have their lands detached from the City of Chubbuck. Respondents Hammond and Hancock each own approximately 25 acres of property located in the City of Chubbuck. Pursuant to Idaho Code Section 50-226,[1] each filed a petition in the district court requesting that their respective prop-

---

1. "50-226. *Separation Of Agricultural Lands —Petition.*—The owner or adjoining owners of any platted or unplatted tract or tracts of land containing not less than five (5) acres,

erties be detached from the City of Chubbuck. The City of Chubbuck filed no objections to the petitions as permitted by Idaho Code § 50–227, but did appear at the hearing and opposed the petitions. The uncontradicted evidence presented at the hearing indicated that respondents received from the City of Chubbuck only those benefits received by the general citizenry of the city, with the exception that they did not receive city sewer or water service. A map was introduced into evidence in both hearings showing the boundaries of the City of Chubbuck and the location of the properties in question. After hearing the evidence on the petitions, the trial court viewed the premises as permitted by I.C. § 50–229. Thereafter, the court ordered the properties detached from the City of Chubbuck.

Common questions are involved in respondent Hammond's and respondent Hancock's petitions; thus they were consolidated on appeal.

Before a district court may grant a petition for detachment of a tract of land from a city, it must determine from the evidence whether or not the following facts exist:

(1) that the tract of land involved is within the limits of the municipality and contains more than five acres;

(2) that the tract of land is used exclusively for agricultural purposes;

(3) that the land does not receive sufficient special benefits to justify its retention within the corporate limits; and,

(4) that by detachment of said land the symmetry of the municipality would not be materially marred.

Idaho Code §§ 50–226, 50–227, 50–229 and 50–230;[2] In Re Hasbrouck, 56 Idaho 353, 55 P.2d 141 (1936); Ball v. City of Parma, 49 Idaho 40, 286 P. 24 (1930).

Appellant admits that respondents both own parcels of land in excess of five acres within the boundaries of the city and that the land is used exclusively for agricultural purposes. However, appellant assigns as error the trial court's findings concerning the questions of special benefits and symmetry, claiming that the record was void of competent evidence relating to both of these issues.

Concerning the question of special benefits, respondents testified that they received no special benefits from the City of Chubbuck, and further that they did not even receive city sewer and water service. Appellant would have us hold that police and fire protection are sufficient "special benefits" within the ambit of the statute to justify retention within the city. How-

---

included within the corporate limits of any city in this state and used exclusively for agricultural purposes, provided, however, if there is upon or over such tract or tracts of land a railroad or canal right of way, such tract or tracts shall, if no other reason exists, be deemed to be used exclusively for agricultural purposes, within the meaning of this section, may petition the district court of the county in which said tract or tracts of land are situated for a judgment and decree of the court detaching such tract or tracts of land from such city."

2. "50–230. *Separation Of Agricultural Lands —Judgment Of Separation.*—If, upon the hearing, the court shall find that such tract or tracts of land are tracts containing at least five (5) acres and are included within the corporate limits of such city and the lands included within such tract or tracts are used exclusively for agricultural purposes, pro-

vided, however, if there is upon or over such tract or tracts of land a railroad or canal right of way, such tract or tracts shall, if no other reason exists, be deemed to be used exclusively for agricultural purposes, within the meaning of this section; that such lands do not receive sufficient special benefits to justify the retention of said lands within the corporate limits of such city, and that by the detachment of said lands the symmetry of the city would not be materially marred, then the judge of said court shall grant the prayer of said petition and shall enter judgment and decree accordingly: Provided, however, that if said petition prays for detaching several tracts of lands the court may enter judgment granting the prayer of the petition as to such tract or tracts as come within his findings as aforesaid and deny such petition as to such tract or tracts which do not come within his findings as aforesaid . . . . ."

ever, every municipality provides some sort of police and fire protection, and if we were to hold that such protection constitutes a "special benefit" it would preclude the courts from ever granting a petition for detachment. The following situations have been held to be insufficient special benefits to justify retention within the city: city water service, In Re Hasbrouck, *supra*; city water and drainage of a wet marsh on petitioner's land, see dissent in Ball v. Village of Parma, *supra*; city water, fire hydrants in close proximity to petitioner's land, sewer line extending to the property line, street lights and road maintenance, Lyon v. City of Payette, 38 Idaho 705, 224 P. 793 (1924); construction of a road (contract involved), Chaney v. Village of Middleton, 58 Idaho 289, 72 P.2d 850 (1937).

■ The only evidence supporting appellant's contention in the instant case is that respondents receive police and fire protection. The trial court found such not to constitute sufficient "special benefits" to justify retention within the city. The sufficiency of evidence relating to special benefits is a question of fact for the trial judge. Chaney v. Village of Middleton, *supra*. His decision was supported by substantial, competent though conflicting evidence, and therefore will be affirmed. Taylor v. Herbold, 94 Idaho 133, 483 P.2d 664 (1971); Copenhaver v. Lavin, 92 Idaho 681, 448 P.2d 774 (1968).

■ Turning now to the question of the effect of the detachment of respondents' properties on the symmetry of the city, appellant urges that the record was absolutely void of any evidence relating to symmetry which consequently necessitates a reversal of the trial court's decision. A review of the record indicates that both respondent Hammond and respondent Hancock introduced into evidence a map of the City of Chubbuck and the surrounding area showing the relationship between the city and respondents' properties. Additionally, respondents Hammond and Hancock both testified concerning the various properties bordering their land. Such was competent evidence relating to the question of symmetry. Maxwell v. City of Buhl, 40 Idaho 644, 236 P. 122 (1925).

■ Appellant contends that a trial court's view of the premises is not competent evidence since the view would only determine the effect on the aesthetic symmetry, and not the other aspects of symmetry such as the harmonious relation of the different parts of the municipality for dwelling and business purposes. Idaho Code § 50–229 provides in pertinent part:

> "50–229. . . . The judge of such court, either before or after said hearing, may view the lands and premises sought to be detached, as well as other lands or property within the corporate limits of such city, which might in any way be affected by the granting of such petition, and lands on the outside of such city in the same vicinity or locality in which the lands sought to be detached are situated, and may consider such conditions as he finds in connection with the evidence introduced on the hearing, in making and arriving at his final decision and determination of the matter. . . ."

The above statute authorizes the court to consider the view of the lands as evidence. In the instant case, the judge viewed the premises. We cannot say, as a matter of law, that the judge's view of the premises, considered in connection with the map of the City of Chubbuck and petitioners' properties, and the testimony relating to the lands surrounding respondents' properties were insufficient to support the court's finding that the overall symmetry of the city would not be materially marred. Chaney v. Village of Middleton, *supra*; Taylor v. Herbold, *supra*.

Accordingly, the judgment of the district court is affirmed.

Costs to respondent.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.