19 P.3d 766 (2001)
135 Idaho 452
In re Petition of Max L. WILLIAMSON and Darla S. Williamson to Detach Lands hereinafter Described from the Corporate Limits of the City of McCall.
Max L. Williamson and Darla S. Williamson, Plaintiffs-Appellants,
v.
City of McCall, a municipal corporation, Defendant-Respondent.
No. 25833.
Supreme Court of Idaho, Boise, January 2001 Term.
February 22, 2001.
*767 Elam & Burke, P.A., Boise, for appellants. Bobbi K. Dominick argued.
Hall, Farley, Oberrecht & Blanton, Boise, for respondent. Joseph K. West argued.
*768 SCHROEDER, Justice.
Max and Darla Williamson (Williamsons) appeal from the district court's denial of a petition for detachment of their land from the city limits of the City of McCall. The decision of the district court is affirmed.

I.

BACKGROUND AND PRIOR PROCEEDINGS
The Williamsons purchased ten acres of undeveloped land within the corporate limits of the City of McCall in 1976. The parcel has not been developed for residential uses, and there are no buildings or structures on the land. Trees have been harvested on the land three times since 1976. One harvest occurred pursuant to a contract with the prior owner, one was the result of a microburst that blew down trees, and the third was at the initiative of the Williamsons.
On December 7, 1998, the Williamsons filed a Petition to Separate Land from the Corporate Limits of the City of McCall pursuant to I.C. § 50-226. The City of McCall provides no services to the land that the taxing authority would generally provide, such as water, sewer or snowplowing. Separation would reduce the property taxes approximately $20.00 per year.
A hearing was held before the district court at which testimony and documentary evidence was presented. The district judge, accompanied by the parties, visited the site of the property and the neighboring parcels in the subdivision. The district court concluded that two of the four statutory elements necessary for separation were not met and denied the petition for separation of the property, finding that the Williamsons did not use their land exclusively for agricultural purposes, and that the symmetry of the city would be materially marred if the Williamson parcel were removed. The district court entered judgment in favor of the City and awarded the City costs.
The Williamsons appeal the judgment of the district court.

II.

STANDARD OF REVIEW
This Court's standard of review of the trial court's findings of fact is outlined in Idaho Rule of Civil Procedure 52(a), which states in pertinent part:
In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment .... Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it.
In determining whether a finding is clearly erroneous this Court does not weigh the evidence as the district court did. The Court inquires whether the findings of fact are supported by substantial and competent evidence. Id. See also, Viebrock v. Gill, 125 Idaho 948, 951, 877 P.2d 919, 922 (1994) (citations omitted). This Court will not substitute its view of the facts for the view of the district judge. Carney v. Heinson, 133 Idaho 275, 281, 985 P.2d 1137, 1143 (1999). Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact had been proven. However, this Court exercises free review over the district judge's conclusions of law. Id.

III.

THE ELEMENTS FOR SEPARATION OF LAND
Idaho Code § 50-230 provides for separation of agricultural lands if the petitioner proves four elements: (1) the tract of land contains at least five acres; (2) the tract is used exclusively for agricultural purposes; (3) the lands do not receive sufficient special benefits to justify the retention of said lands within the corporate city limits of the city; (4) detachment of the tract will not materially mar the symmetry of the city. The City concedes that the Williamsons have met two of the four statutory elements, (1) the Williamsons' *769 land satisfies the size requirement for separation, and (2) the parcel does not receive sufficient "special benefits" from the City to preclude separation. The issues on appeal are whether the trial court erred in concluding the land was not used exclusively for agricultural purposes and that separation would materially mar the symmetry of the City of McCall.

A. Use Of Land Exclusively For Agricultural Purposes
Idaho Code § 50-230 lacks a definition of "agricultural purposes," and no past Idaho cases have addressed the issue in the interpretation of I.C. § 50-230 in this regard. Where the statutory language is unambiguous, the clearly expressed intent of the legislature must be given effect and there is no occasion for this Court to consider the rules of statutory construction. Payette River Property Owners Ass'n v. Board of County Comm'rs, 132 Idaho 551, 976 P.2d 477 (1999). Where, as here, there is an ambiguity in the statute, the Court should construe the statute to give effect to the legislative intent. The interpretation should begin with an examination of the literal words of the statute, and this language should be given its plain, obvious, and rational meaning. Thomas v. Worthington, 132 Idaho 825, 979 P.2d 1183 (1999).
Agriculture is commonly defined as:
The science or art of cultivating the soil, harvesting crops, raising livestock and also as the science or art of the production of plants and animals useful to man and in varying degrees the preparation of such products for man's use and their disposal.
BLACK'S LAW DICTIONARY 68 (6th ed.1990). The district court, and both parties, point to various sections of the Idaho Code that define agriculture, but some statutes define agriculture to include timber, while others specifically exclude timber from the definition of agriculture. For example, I.C. § 63-602R provides:
Property Exempt From TaxationAgricultural Crops
The following is exempt from property taxation: agricultural crops, whether growing or held for use or sale ... and fruit and nut-bearing trees and grapevines; provided that nothing herein contained shall be construed to exempt timber, forest, forest land, or forest products from the provisions of chapter 17, title 63, Idaho Code.
The City of McCall contends this definition specifically excludes timber production from agriculture, while the Williamsons argue the need for an exception shows that timber production would normally be included as an agricultural crop.
In reaching its decision the district court considered the concept of silviculture which is defined in Idaho's Water Quality Act as:
those activities associated with the regeneration, growing and harvesting of trees and timber, including, but not limited to, disposal of logging slash, preparing sites for new stands of trees to be either planted or allowed to regenerate through natural means, road construction and road maintenance, drainage of surface water which inhibits tree growth or logging operations, fertilization, application of herbicides or pesticides, all logging operations, and all forest management techniques employed to enhance the growth of stands of trees or timber.
I.C. § 39-3602(22). Regardless of whether the definition of agriculture for purposes of I.C. § 50-230 includes harvesting timber or silviculture, the district court found that the Williamsons were not consistently using the land for agricultural purposes. Trees have been taken from the property three times since they purchased it in 1976. The first was a contract entered into by the previous owners of the property. The second was a result of a microburst in 1991 that blew down trees. The third was a thinning done in 1996 by the same individual who took the trees from the microburst. However, as the district court found, "Petitioners are not growing trees for a monetary return from the trees themselves" and "[t]he Williamsons admittedly are not planting trees on a regular basis after preparing the soil, fertilizing those trees, or logging the property on a regular basis with the intent of promoting future harvests." These findings are supported *770 by substantial and competent evidence. The district court found that the Williamsons have not followed the Forest Plan for their property that was issued in 1996.[1] While they have planted some seedlings, harvested trees once on their own initiative, and done some pruning, piling and burning, this activity has been infrequent and almost non-existent since 1996. These findings are supported by substantial, competent evidence.
The Williamsons argue that an analysis of the quality of their use as agricultural land adds an element that does not appear in the statute, which merely requires the existence of the agriculture use and the exclusivity of that use. The fact that the land may not be used for other purposes does not mean it is used for agricultural purposes. Utilizing a broad definition of agriculture that includes silviculture, the record supports the district court's conclusion that the Williamsons have not met their burden of proving use exclusively for agricultural purposes. Although some trees have been taken from the property and some seedlings were planted at one time, there has been no ongoing cultivation of the soil, harvesting of crops, or production of plants.
The determination of the district court that the property has not been used for agriculture purposes is supported by substantial, competent evidence. This precludes separation of the land from the City since I.C. § 50-320 sets forth a conjunctive test for all four elements.

B. Separation Would Materially Mar The Symmetry Of The City Of McCall.
The fourth element to separate property requires "by the detachment of the tract the symmetry of the city would not be materially marred." I.C. § 50-320. The statute does not define the term "symmetry." This Court has, however, considered symmetry in relation to this statute. See, e.g., Lyon v. City of Payette, 38 Idaho 705, 224 P. 793 (1924); Maxwell v. City of Buhl, 40 Idaho 644, 236 P. 122 (1925). As defined by this Court, symmetry concerns the "general outlook upon the surroundings" within the City limits adjacent to residence and business districts, more than it concerns regularity in the exterior boundary lines. Ramey v. City of Blackfoot, 99 Idaho 264, 266, 580 P.2d 1289 (1978) (citing Ball v. Village of Parma, 49 Idaho 40, 45-46, 286 P. 24, 26 (1930)).
[S]ymmetry means more than due proportion of the parts of a body, conformance and consistency, and correspondence or similarity of form ... Symmetry also involves the ability of the municipality to regulate adjoining lands whose use affects the quality of life in residential and business districts of the community. Symmetry thus requires not only regularity in the shape of the city, but also a measure of consistency, harmony and uniformity of regulation.
Id. In Ramey, the court noted that the lands surrounding the petitioner's land was used in a variety of ways, and that the surrounding land was being developed for a variety of uses that may not be entirely compatible. Id. at 267, 580 P.2d at 1292. Furthermore, the removal of the parcel would create a 16-acre "hole." Id. Based on these considerations, the Court found it would be inappropriate to deny the city supervision over that portion of the city and reversed and remanded with directions to deny the petition for detachment. Id.
In this case the district court found that detachment would result in a horseshoe or hole in the northern boundary of the City of McCall. This determination was based in part on the judge's visit to the property which is allowed under I.C. § 50-229. The district judge's own assessment of the aesthetic symmetry is competent evidence. See Hammond v. City of Chubbuck, 95 Idaho 618, 515 P.2d 565 (1973).
The properties to the south, west and east are zoned one dwelling per ten acres. The Williamsons' property would maintain this zoning restriction even if it *771 were removed from the City boundaries. There are no specific plans for development of the immediate area, nor are there specific plans to begin providing City services, such as sewer and road maintenance in the area. There is testimony that police services would be impacted if a patchwork of land in and out of the City boundary were created. However, the "patchwork" would only result if, based on precedent from this case, others in the same area petitioned to withdraw their land. There is clearly a dispute as to the effect of separation. However, based on the evidence, the district court concluded:
Not only would the physical shape be affected negatively, but more importantly the overall plan for that area of the city as well which is clearly developing that property surrounding the lake which includes the Williamson parcel. The entire subdivision is zoned R-10, indicating a clear intent to develop the area into an exclusive subdivision. The residences presently on parcels near the petitioners parcel comport with this development scheme.
The finding that the symmetry would be materially marred by the detachment of the Williamson property was based on the district judge's personal observations, maps, testimony and observations regarding the use of the surrounding properties, and the City's ability to regulate adjoining lands whose use affects the quality of life in residential districts. The conclusion that the symmetry would be marred is supported by substantial and competent evidence.

IV.

THE CITY IS NOT ENTITLED TO FEES UNDER I.C. § 12-121.
The City requests reasonable costs and attorney fees on appeal pursuant to I.C. § 12-121. An award of attorney's fees to the prevailing party is appropriate under this section where the Court is left with the abiding belief that the appeal was brought, pursued or defended frivolously or without foundation. See Nerco Minerals Co. v. Morrison Knudsen Corp., 132 Idaho 531, 976 P.2d 457 (1999). Prior to this case the Court has not interpreted what constitutes agriculture under the separation statute. The appeal is not frivolous.

V.

CONCLUSION
The district court's decision denying the petition for separation is affirmed. The City is awarded costs. No attorney fees are allowed.
Justices WALTERS, KIDWELL, EISMANN, and Justice Pro Tem PERRY concur.
NOTES
[1] The property assessment on the land is "productivity timber forest" and a Forest Management Plan was "employed in order to lower the property taxes on the parcel." Memorandum Opinion and Order at 15.