646 P.2d 427

**Dorothy BODINE, Plaintiff-Appellant,**

v.

**Loren BODINE, Defendant-Respondent.**

No. 13696.

Court of Appeals of Idaho.

Feb. 17, 1982.

Petition for Review Granted June 7, 1982.

E. Don Copple, Jr. of Davison, Copple, & Copple, Boise, for plaintiff-appellant.

Stanley W. Welsh of Clemons, Cosho, & Humphrey, Boise, for defendant-respondent.

WALTERS, Chief Judge.

Dorothy Bodine appeals from a judgment dismissing her action to set aside a property settlement agreement and divorce decree. She commenced this suit as an independent action following the divorce, contending that prior to the divorce, her husband misrepresented the value of their properties in the course of their property settlement negotiations. The trial court granted summary judgment in favor of the husband. We reverse.

In its written opinion and order granting judgment, the trial court observed that while there was no genuine issue as to the identity and disclosure of the property owned by the parties at the time of the negotiations, an issue did exist as to whether the property values given by the husband were fair and accurate. The court viewed the question presented by the motion for summary judgment to be whether the issue of misrepresentation of values was a material issue, as a matter of law. The court then held that the alleged misrepresentations were not material, and would not preclude summary judgment.

The trial court found that two factors controlled the question of materiality: first, that the parties occupied adversary positions and, secondly, that each was represented by his or her own attorney, during the negotiations of the property settlement agreement and subsequent divorce proceedings. This determination was based upon the court's analysis of the Idaho case of *Sande v. Sande*, 83 Idaho 233, 360 P.2d 998 (1961) and the applicability of the California cases of *Marriage of Connolly*, 23 Cal.3d 590, 153 Cal.Rptr. 423, 591 P.2d 911 (1979) and *Boeseke v. Boeseke*, 10 Cal.3d 844, 112 Cal.Rptr. 401, 519 P.2d 161 (1974).

*Sande* involved assertions by a wife that her husband induced her to enter into a property settlement agreement by fraud and coercion, and induced her to refrain from obtaining counsel to defend her rights in a divorce action. She contended that she was thereby deprived of her fair share of community property in the divorce. Following trial, the lower court in *Sande* found in favor of the husband, holding that the burden upon the wife to prove actual fraud and duress had not been met. Reversing the trial court, our Supreme Court held that where a postnuptial property settlement is attacked by the wife on the ground of fraud, coercion or undue influence, the burden of proof shifts to the husband and does not remain with the wife.

The Court held in *Sande* that this burden requires the husband to prove a number of matters. He must show that the transaction was free from any taint of fraud. He is required to prove that the wife entered into the agreement with full knowledge of the property involved and her rights therein. He must establish that the agreement was fair and equitable. In addition to the burden of proof issue, the Supreme Court further held that even though no actual fraud or duress was resorted to in procuring the agreement, where the agreement is inequitable and unfair to the wife, and where it manifestly appears that there has been overreaching on the part of the husband, equity will grant relief. The Court noted that this is especially so where the wife is ignorant of her rights and acts without benefit of independent legal counsel.

Here the wife relied upon *Sande* in support of her endeavor to set aside the property settlement agreement and divorce decree. The district court distinguished *Sande* on its facts because of the type of misrepresentation involved, and because Mrs. Bodine was not induced to forego the services of an attorney; rather she was represented by counsel during the property settlement agreement negotiations and divorce proceedings. The court further questioned the constitutionality of the rule in *Sande*, in light of *Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), and concluded that *Sande* was "bad law if applied to the situation where during the negotiation of the property settlement agreement the husband and wife occupy an adversary position and each is represented by an attorney." The district court then declined to follow and apply the rules announced in *Sande*, but rather elected to apply the California rules set out in *Connolly* and *Boeseke*.

*Connolly* held that in California, after a complaint for divorce is filed, the spouses become legal adversaries dealing with each other at arms length, and any fiduciary obligation otherwise owing between them regarding their property, is terminated. Each of them assumes thereafter "the responsibility of using those reasonable means available to develop and ascertain factual information affecting their interests in the litigation." *Marriage of Connolly*, 153 Cal. Rptr. at 429, 591 P.2d at 917.

In *Boeseke*, during the negotiation of a property settlement agreement in a divorce action, the husband gave to the wife and her counsel the community property descriptions. He failed to disclose all the facts in his possession relating to the value, nature and extent of the property. The wife executed the property settlement agreement without making her own independent investigation of the value of the property. After the divorce she attempted to rescind the agreement, alleging fraud on the part of the husband. The trial court found that the lack of disclosure by the husband constituted fraud. The Supreme Court of California reversed. It held that the wife could not complain of fraud where she failed either to request additional information from the husband or to conduct any further investigation concerning the value, nature, or extent of the community property. We hold that the rules in *Connolly* and *Boeseke* should not control the rights of the parties in the instant case, in light of a recent development in Idaho law regarding post-divorce litigation over property settlement agreements.

The summary judgment dismissing the wife's Complaint was entered here by the trial court on March 26, 1980. Approximately two months later, our Supreme Court rendered its decision in *Compton v. Compton*, 101 Idaho 328, 612 P.2d 1175 (1980). In the meantime this case had been appealed, removing it from the jurisdiction of the district court and depriving that court of the benefit of *Compton*. Nevertheless, both parties argue the applicability of the *Compton* case to their respective positions, on this appeal. *Compton* likewise involved a situation where a wife brought an independent action to set aside a property settlement agreement, asserting fraud and misrepresentation of the husband in revealing the existence and values of property accumulated during the marriage. The *Compton* decision discussed the *Sande* case and elaborated upon the fiduciary relationship and duty extending to parties in property settlement negotiations. Contrary to the California view expressed in *Connolly*, the court in *Compton* held that the fiduciary duty owed between spouses in respect to their property continues to exist during their separation and pending divorce proceedings, until the moment of the marriage's termination.

The decision in *Compton* also addressed the diligence and activities of the parties in confirming or contesting property values, and considered other factors in the context of that case bearing on whether post-divorce relief should be granted, in addition to the limited issues of whether a party was represented by independent counsel or was in a truly adversary position with the other spouse. Those other factors may be applicable to the present case and should be considered by the trial court. We hold that the district court was too restrictive when it concluded, as a matter of law, that where parties occupy adversary positions and are represented by legal counsel, no other factors are material, and that relief from a property settlement agreement must be denied by summary judgment.

The judgment of the district court is reversed and the matter remanded for further proceedings.

Costs to appellant; no attorney fees awarded on appeal.

BURNETT and SWANSTROM, JJ., concur.