770 P.2d 799

**Dorothy BODINE, Plaintiff–Appellant,**

v.

**Loren BODINE, Defendant–Respondent.**

**No. 16785.**

Supreme Court of Idaho.

March 6, 1989.

### ORDER DENYING PETITION FOR REVIEW

The Appellant having filed a PETITION FOR REVIEW on May 23, 1988, and a supporting BRIEF on June 3, 1988, of the Court of Appeals' Opinion released May 3, 1988, 114 Idaho 163, 754 P.2d 1200; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J. be, and hereby is, RELEASED.

BISTLINE, Justice, dissenting from denial of review.

The petition for review should have been granted in this case. The excellent dissent of Judge Burnett points out the reason

why review is necessary—the majority applies the morals of the market place to the fiduciary duty incumbent upon spouses. Judge Burnett's dissent is reproduced below in relevant part:

Judge Newhouse found that Mrs. Bodine did not rely, in fact, upon the representations made by her husband concerning the value of certain items of community property. This finding, supported by substantial (albeit disputed) evidence, is dispositive. Consequently, my colleagues need not have broached the issue of Mrs. Bodine's *right* to rely upon such representations. Not only is this subject addressed unnecessarily but, I respectfully submit, the discussion harbors an error.

In purported reliance upon *Compton v. Compton*, 101 Idaho 328, 612 P.2d 1175 (1980), the Court today broadly states that despite the fiduciary relationship which exists between spouses, a wife has no right to rely upon her husband's representations concerning the value of community property if facts pertinent to the question of value have been disclosed. *The unfortunate import of such a broad rule is that the husband is free to act in bad faith by representing values which he knows to be wrong or unreasonable; and it remains for the wife, using other available information, to avert the fraud. This trivializes the concept of fiduciary duty and, in my view, is not what the Compton court intended.*

The dominant concern of *Compton*, and of the earlier Supreme Court decision in *Sande v. Sande*, 83 Idaho 233, 360 P.2d 998 (1961), is an act of overreaching in derogation of the fiduciary duty owed by one spouse to the other. Such overreaching can occur on a question of value. It often happens in a marriage that one spouse acquires, and is recognized by both spouses to possess, superior knowledge concerning certain community property. Even if both spouses have access to the same information, the spouse with superior knowledge is better able to interpret the information and to determine the value of the property. I see nothing to commend a rule of law that would allow the spouse with superior knowledge to make a deliberate misrepresentation of value, intending the other spouse to rely upon it. On a question of value, no less than on any other issue, each spouse should be entitled to presume good faith on the part of the other.

I recognize, of course, that values cannot always be identified with precision. A reasonable range of values may exist. Within that range, a spouse is entitled to take a position on value favorable to himself or herself, so long as all pertinent information is disclosed. But when a spouse acts in bad faith, foisting a clearly unreasonable value upon the other spouse, I would hold that overreaching has occurred. *A misrepresentation made in bad faith should not be shielded from the law of fiduciary duty by the simple expedient of treating it as a matter of mere 'opinion.'*

(Emphasis added.)

By denying review, this Court endorses the mischief wrought by the Court of Appeals opinion which will have a profound effect upon a commonly litigated area of divorce law.

HUNTLEY, J., concurs.