796 P.2d 1035

**George ANDERSON,
Plaintiff–Appellant,**

v.

**Ronald C. SCHWEGEL and Barbara H.
Schwegel, a partnership, d/b/a Chuck's
Body Shop, Defendants–Respondents.**

**No. 18225.**

Court of Appeals of Idaho.

Aug. 17, 1990.

* BURNETT, J., concurred prior to his resignation   on July 16, 1990.

Aherin & Rice, P.A., Lewiston, for plaintiff-appellant. Anthony C. Anegon argued.

Clark & Feeney, Lewiston, for defendants-respondents. Paul T. Clark argued.

WALTERS, Chief Judge.

This action arises from an oral agreement between the owner of a vintage automobile and the owner of an auto-body shop concerning the restoration and repair of the vehicle. The focal issue on appeal is whether the trial court employed a proper measure of recovery. We conclude that the proper measure was applied and we affirm the judgment entered in the magistrate's decision in favor of the repair shop.

The relevant facts are as follows. In April of 1980, George Anderson and Ronald Schwegel met to discuss the possibility of restoring Anderson's 1935 Plymouth automobile. Following a brief inspection of the vehicle, the parties orally agreed that Schwegel would restore the automobile for $6,000. However, each of the parties had a different understanding of what was meant by the term "restore." Anderson understood "restore" to mean the complete restoration of the car, except for upholstery, and including body work and engine repairs. In contrast, Schwegel intended that, for $6,000, he would "restore" only the body of the automobile, including painting, but that any engine work that might be needed would be an additional expense. The parties did not attempt to reduce their agreement to writing, and neither of them was aware of the misunderstanding. Schwegel had the vehicle towed to his shop and began the restoration work.

In 1981, Schwegel informed Anderson that substantial engine work was needed to make the vehicle driveable. Upon Anderson's instruction, Schwegel sublet the repair work to K & F Automotive Shop. Anderson discussed the nature and extent of the repairs with K & F's shop proprietor, and, without questioning whether the engine repair costs were included in the original $6,000 quoted by Schwegel, gave his authorization for the work to proceed.

In December of 1982, Anderson received an itemized statement of the work completed as of that date. The statement listed amounts for the body work performed by Schwegel, but also included costs for parts and labor attributed to the engine overhaul. Although the statement exceeded the $6,000 price agreed upon by more than $2,000, Anderson expressed no disagreement with it. In fact, Anderson subsequently tendered a payment of $2,000 in addition to $3,000 he already had paid.

Later, the parties had another conversation concerning Anderson's desire to make the automobile roadworthy, a task requiring the repair or replacement of gauges, wires, glass and lights, among other items. Anderson assented to having the work done. Schwegel sublet the mechanical work to Rick Vance Auto but also performed some of the work at his own shop.

The final billing included $5,896.01 for body work by Schwegel; $2,184.57 for the engine overhaul by K & F; and $1,719.69 for the "roadworthy" repairs, for a total of $9,800.27. Anderson previously had tendered payments to Schwegel totaling $5,000. When Schwegel demanded payment of the additional balance of $4,800.27, Anderson refused, stating that the contract

was for $6,000, and that only $1,000 remained due. Anderson then filed this action seeking to enforce the contract price of $6,000 and to recover possession of the Plymouth. Schwegel counterclaimed to recover the full amount owing on the bill.

Following a trial without a jury, the magistrate determined that the parties had failed to reach a "meeting of the minds" on the meaning of the material term "restore," and thus no contract existed between them. However, the magistrate held that Anderson was liable to Schwegel under quasi-contract, permitting Schwegel to recover $4,800.27 for the reasonable value of services and materials retained by Anderson. On appeal by Anderson to the district court, the magistrate's judgment was affirmed. Anderson then brought this appeal from the district court's decision.

Anderson maintains that Schwegel's counterclaim was barred by the statute of limitation. Anderson further contends that the magistrate incorrectly measured the value of unjust enrichment which Schwegel was entitled to recover. Finally, Anderson avers that the award by the magistrate of attorney fees to Schwegel was an abuse of the magistrate's discretion. For the reasons given below, we affirm.

## STANDARD OF REVIEW

■ Preliminarily, we note that in reviewing a decision by a district court made in its appellate capacity, we review the trial court record to determine whether there is substantial evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). If those findings are so supported and the conclusions follow therefrom, and if correct legal principles have been applied, then the district court's decision affirming a magistrate's judgment will be upheld. *Id.*

## STATUTE OF LIMITATION

■ We first address the argument that the statute of limitation barred Schwegel's counterclaim. Because Schwegel's counterclaim, filed on January 9, 1987, is an affirmative claim seeking relief in excess of the amount pleaded in Anderson's complaint, it is subject to the four-year statute of limitation set forth in I.C. § 5–217.[1] *Full Circle, Inc. v. Schelling,* 108 Idaho 634, 701 P.2d 254 (Ct.App.1985). Thus, if Schwegel's cause of action accrued prior to January 9, 1983, it would be barred because of the expiration of the four-year limitation period.

■ Anderson asserts that the body work performed by Schwegel and the engine rebuild, paid for by Schwegel, were completed and billed to Anderson in December, 1982, more than four years before the counterclaim was filed. Thus, Anderson argues that the statute of limitation bars Schwegel's claim for recovery of amounts attributable to that work, and therefore the counterclaim should have been dismissed. Anderson concedes, however, that subsequent repairs, made to render the vehicle roadworthy, were not barred.

In support of his position, Anderson cites testimony presented at trial in which Schwegel indicated that he considered the body work and the engine repair to be a separate project from the subsequent roadworthy repairs. However, the magistrate found that, at the inception of their dealings, the parties failed to reach any agreement as to the particular work to be performed, the time-frame within which the restoration would be completed, or the dates when any payments would be due. The trial court concluded that the entire course of dealings between the parties, involving the restoration of the Plymouth, constituted a single transaction, and that Schwegel's cause of action did not accrue until all of the work was completed and the automobile was ready to be picked up by

---

**1.** An action based on the theory of unjust enrichment presupposes an obligation which is implied by law and is not a true contract; however, it partakes of the nature of a contract and is governed by the statute of limitations applicable to oral contracts. *Templeton Patents, Ltd. v. J.R. Simplot Co.,* 220 F.Supp. 48 (D.Idaho), *affirmed,* 336 F.2d 261 (9th Cir.1963).

Anderson. The court determined that the automobile was not ready before January 9, 1983.

The record below reveals that Schwegel continued to perform work on the vehicle through March of 1984, well within the four-year period of limitation. In September of 1983, Schwegel devoted eleven hours' labor in putting the hood back together and reinstalling the radiator; later, Schwegel replaced a front wheel bearing; finally, in March of 1984, Schwegel completely repainted the automobile.

The findings and conclusions of the magistrate are supported by substantial, albeit conflicting, evidence and we decline to disturb them on appeal. *See Seaport Citizens Bank v. Dipple*, 112 Idaho 736, 735 P.2d 1047 (Ct.App.1987). Accordingly, we uphold the magistrate's determination that Schwegel brought his counterclaim within the limitation period.

### UNJUST ENRICHMENT

■ The next issue on appeal concerns the measure of recovery under quasi-contract—a contract implied in law. The Idaho Supreme Court has explained:

[A] contract implied in law is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity without reference to the intent or the agreement of the parties and, in some cases, in spite of an agreement between the parties. (Citations omitted.) It is a non-contractual obligation that is to be treated procedurally *as if* it were a contract, and is often referred to as quasi contract, unjust enrichment, implied in law contract or restitution. . . .

. . . .

As the essence of a contract implied in law lies in the fact that the defendant has received a benefit which it would be inequitable for him to retain, it necessarily follows that the measure of recovery in a quasi-contractual action is not the amount of the enrichment, but the actual amount of enrichment which, as between the two parties it would be unjust for one party to retain. [Emphasis original.]

*Continental Forest Products, Inc. v. Chandler Supply Co.*, 95 Idaho 739, 743, 518 P.2d 1201, 1205 (1974). As a corollary, the amount of recovery to be obtained in quasi-contract is a factual issue for resolution by the trier of fact. *Nelson v. Gish*, 103 Idaho 57, 59, 644 P.2d 980, 982 (Ct.App. 1982) (review denied).

■ Here, the magistrate measured the benefit that Anderson unjustly retained as the reasonable value of the services he received from Schwegel, and awarded to Schwegel a recovery in that amount. Anderson disputes that award, maintaining that the proper measure of recovery in this case should have been the increased value of the automobile which resulted from the services, rather than the reasonable value of those services conferred.

We note that in cases where restitution is available for mistaken improvements to another's property, the usual measure of recovery is the value to the property of the enhancement. *See, e.g., Briscoe v. Nishitani*, 105 Idaho 175, 667 P.2d 278 (Ct.App. 1983), *reversed on other grounds, Country Ins. Co. v. Agricultural Development, Inc.*, 107 Idaho 961, 695 P.2d 346 (1984). The property owner is not liable for services so rendered except as they actually result in economic value to him. *See, e.g., Gillette v. Storm Circle Ranch*, 101 Idaho 663, 619 P.2d 1116 (1980). *See also* D. DOBBS, HANDBOOK ON THE LAW OF REMEDIES § 4.5, at 263 (1980); RESTATEMENT OF RESTITUTION § 155(1) (1937). In contrast, where, as here, a property owner has asked for the services and so demonstrated a desire to have them, he may appropriately be held liable for their value, whether they add any economic value to his property or not. *See Vickery v. Ritchie*, 202 Mass. 247, 88 N.E. 835 (1909) *cited in Dale's Service Co. v. Jones*, 96 Idaho 662, 666 n. 6, 534 P.2d 1102, 1106 n. 6 (1975);[2] *see also* D. DOBBS, supra, § 11.5,

---

**2.** We note that in *Peavey v. Pellandini*, 97 Idaho 655, 551 P.2d 610 (1976), the Idaho Supreme Court disavowed *Dale's Service* as an incorrect pronouncement of the law of quantum meruit, "recognizing however, that it may have application in some types of quasi-contractual, unjust

at 742; RESTATEMENT, *supra* § 155, comment d.

Here, Anderson either requested the services or assented to having them performed for his own benefit. Thus, the performance rendered may be properly valued as services, regardless of whether the services actually enhanced the value of the automobile. We conclude that upon these facts, the magistrate did not err in valuing the benefit conferred as the reasonable value of the services provided.

Anderson also contends that the magistrate improperly allowed Schwegel to recover the twenty percent mark-up he charged on some of the sublet work. We note that the correct measure for unjust enrichment is not the loss suffered by one party, but rather is the benefit unjustly retained by the other party. *Marshall v. Bare*, 107 Idaho 201, 687 P.2d 591 (Ct.App. 1984). The magistrate found that the amount billed by Schwegel, including the mark-up, represented the reasonable value of the benefit received by Anderson. In the absence of clear error, these findings must be sustained. I.R.C.P. 52(a).

Anderson further maintains that, although the magistrate entered findings as to the total benefit received by Anderson, the judge failed to expressly determine that portion of the benefit which Anderson "unjustly" retained, and that the judgment must therefore be reversed. We observe that the magistrate found the total benefit received by Anderson to be $9,800.27, the reasonable amount of all the services received. The parties stipulated to the fact that Anderson had, prior to trial, made payments totaling $5,000. Thus, the $4,800.27 awarded to Schwegel is the difference between the total benefit received and the amount already paid to Schwegel. This sum clearly represents the amount of enrichment which the magistrate found would be unjust for Anderson to retain. The magistrate's findings, affirmed by the district court, are supported by substantial

evidence and we will not disturb them on appeal.

## ATTORNEY FEES

■ Finally, we address the attorney fees issue. Anderson challenges the magistrate's award of costs and attorney fees to Schwegel, asserting that the magistrate failed to enter a specific finding that Schwegel was the prevailing party. Although the record contains no express finding that Schwegel was the prevailing party, we can infer such a finding from the memorandum opinion in which the magistrate held that "Schwegel *failed to prevail* only on the issue of storage fees," and likewise from the judge's explanation that the award would be reduced in consideration of the storage fee issue, and "the fact that [Schwegel] did not prevail on it." (Emphasis added). These statements, coupled with the magistrate's award of fees to Schwegel, sufficiently indicate the magistrate's designation of Schwegel as the prevailing party.

Anderson alternatively asserts that, in view of the parties' pleadings, each of them prevailed, in part, and failed, in part,[3] and that the magistrate erroneously designated Schwegel as the prevailing party at trial. We note that the identification of the prevailing party rests within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of that discretion. *Chadderdon v. King*, 104 Idaho 406, 659 P.2d 160 (Ct.App.1983) (review denied). In exercising such discretion, the trial judge is to consider the final judgment or the result obtained in the action, whether there were multiple claims or issues, and the extent to which each of the parties prevailed on those issues. I.R.C.P. 54(d)(1)(B); *see Bodine v. Bodine*, 114 Idaho 163, 167, 754 P.2d 1200, 1204 (Ct.App. 1988) (review denied).

In awarding attorney fees to Schwegel, the magistrate essentially determined that

---

enrichment cases." 97 Idaho at 661, 551 P.2d at 616.

**3.** In his complaint, Anderson sought the return of the automobile, which the trial court granted

after reducing Schwegel's claim to a judgment. In addition to the balance owed on the billing, Schwegel sought to recover storage fees. The court denied this latter request for relief.

Schwegel prevailed on the main issue of the case which consumed most of the time at trial. The trial record, including the trial transcript, adequately supports this implicit finding. We conclude that the trial court exercised its discretion consistent with the factors contained in I.R.C.P. 54(d)(1)(B) and, accordingly, we uphold the magistrate's award of attorney fees to Schwegel.

## CONCLUSION

In conclusion, we affirm the district court's appellate decision and order upholding the magistrate's judgment. We further hold that Schwegel is the prevailing party on appeal. *Spidell v. Jenkins*, 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986). Accordingly, Schwegel is entitled to a further award of costs and attorney fees under I.C. § 12–120(3) in an amount to be determined pursuant to I.A.R. 40 and 41.

SWANSTROM, J., and WINMILL, J., pro tem., concur.