64 P.3d 959

**Marvin ERICKSON, Plaintiff–Appellant–Cross–Respondent,**

v.

**Kevin J. FLYNN, Defendant–Respondent–Cross–Appellant.**

No. 27404.

Court of Appeals of Idaho.

Dec. 19, 2002.

Rehearing Denied Dec. 18, 2003.

Review Denied March 3, 2003.

Holmes Law Office, P.A., Coeur dÁlene, for appellant. Edwin B. Holmes argued.

Kevin Flynn, Westampton, New Jersey, pro se respondent.

**AMENDED OPINION**
**THE COURT'S PRIOR OPINION DATED NOVEMBER 4, 2002 IS HEREBY WITH-DRAWN**

LANSING, Judge.

This is an appeal from a judgment following a bench trial on a breach of contract

claim and a quasi-contract claim sounding in unjust enrichment or quantum meruit. The district court denied the breach of contract claim but awarded damages to the plaintiff on a quantum meruit theory. The trial court then awarded the defendant attorney fees for his successful defense of the breach of contract claim, but awarded costs to the plaintiff as the overall prevailing party. We reverse the judgment for the plaintiff on the quantum meruit theory and remand the case for reconsideration of attorney fees and costs.

## BACKGROUND

Kevin J. Flynn and Marvin Erickson are both coin collectors. In the spring of 1996, Flynn was planning to author a book about coins with misplaced dates. In May of that year, he contacted Erickson because Erickson owned some coins with misplaced dates that Flynn wished to feature in his book. Between May of 1996 and March of 1997, Erickson loaned Flynn 307 coins for this purpose. Flynn published the book in July of 1997, and it included photographs of or references to more than 100 of Erickson's coins. All of the coins were returned to Erickson.

A dispute arose as to whether Flynn was obligated to compensate Erickson in any way for the use of the coins, and this lawsuit resulted. In his amended complaint, Erickson alleged that, in exchange for the use of Erickson's coins, Flynn had agreed to include Erickson's name, cross-reference system, and misplaced coin date identification system in Flynn's book; to publish a photograph and short biography of Erickson in the book; to deliver to Erickson photographs of all of the coins that Erickson had provided to Flynn; and to provide Erickson copies of all of the computer files generated by Flynn in his research for the book. Erickson alleged breach of contract and unjust enrichment as theories of recovery. As relief, he requested a money judgment in excess of $10,000 and an order enjoining Flynn from disseminating any materials containing photographs of Erickson's coins, which would prevent Flynn from distributing his book.

A court trial was conducted during which Erickson claimed damages of $40,904 for Flynn's failure to give him digitalized photographs of certain coins, $10,000 for having to buy computer and camera equipment to create his own digitalized photographs, and $2,000 in damages for Flynn's publication of pictures of Erickson's coins.

The district court found that "there was no meeting of minds between these parties as to all essential terms of a contract," and that Erickson had not proved any custom or practice in the coin-collecting field that would provide an implied contractual term calling for Erickson to receive some material or pecuniary benefit in return for Flynn's use of his coins. Therefore, the district court denied Erickson's breach of contract claim. The only alternative theory of recovery pleaded by Erickson in his amended complaint was unjust enrichment, but the district court held that a claim of quantum meruit had also been tried by consent. The district court did not separately address Erickson's claim for unjust enrichment. In ruling upon the quantum meruit claim, the district court concluded that it was necessary to determine the value of Erickson's loan of his coins to Flynn. The district court noted that "there was substantial testimony indicating that coins were often provided by collectors without any agreement to receive any photograph for the coin[s]." Nevertheless, because "the basic theme between the two parties was that Flynn could use Erickson's coins, and Erickson would then be provided photographs from Flynn," the district court awarded Erickson, as a quantum meruit recovery, the approximate cost of photographing the coins he loaned to Flynn, which the district court found to be $1,500.

In responding to the parties' requests for costs and attorney fees, the district court held that Erickson was the prevailing party overall because he had sought and recovered monetary relief on the quantum meruit claim, but that Flynn was the prevailing party on the breach of contract claim. The district court concluded that the contract claim was based on an alleged commercial transaction, so that Flynn was entitled to attorney fees pursuant to Idaho Code § 12–120(3), but that the statute did not authorize an award of fees for the quantum meruit claim. Accordingly,

the district court awarded attorney fees to Flynn in an amount that the court found was reasonably expended defending the breach of contract claim. The court awarded costs to Erickson as the prevailing party overall, but did not award attorney fees to Erickson. Offsetting Erickson's and Flynn's cost and fee awards and Erickson's damage award resulted in a net judgment in favor of Flynn in the amount of $8,699.84.

Erickson appeals, arguing that the district court erred in its award of attorney fees and costs. Flynn has cross-appealed. He asserts error in the award of fees and costs, challenges the district court's award of damages to Erickson on the quantum meruit theory, and raises several other issues that we find it unnecessary to address.[1]

## A. Quantum Meruit Award

Our resolution of Flynn's challenge to the quantum meruit award is dispositive of several of the other issues raised by the parties. Therefore, we consider it first.

Flynn asserts that the district court erred by holding that a quantum meruit claim was tried by the consent of the parties and by not recognizing the distinction between the theories of unjust enrichment and quantum meruit. He also contends that there was no evidence showing the reasonable value of Flynn's use of Erickson's coins to demonstrate a right to recover in quantum meruit, and no evidence that Flynn was enriched by the use of Erickson's coins to prove Erickson's claim of unjust enrichment. Because we agree that there was insufficient evidence to support an award based upon either theory, we do not consider Flynn's other challenges to the awards.

When a case has been tried to the court without a jury, we will not disturb the trial court's findings of fact unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *In re Williamson*, 135 Idaho 452, 454, 19 P.3d 766, 768 (2001); *Rueth v.*

*State*, 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982). In determining whether a finding is clearly erroneous, this Court does not weigh the evidence or assess the credibility of witnesses as did the trial court. *Williamson*, 135 Idaho at 454, 19 P.3d at 768; *Kootenai Electric Coop., Inc. v. Washington Power Co.*, 127 Idaho 432, 434–35, 901 P.2d 1333, 1335–36 (1995). Instead, we inquire only whether the findings are supported by substantial and competent evidence. *Williamson*, 135 Idaho at 454, 19 P.3d at 768; *Rueth*, 103 Idaho at 77, 644 P.2d at 1336. Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Williamson*, 135 Idaho at 454, 19 P.3d at 768. With respect to the district court's conclusions of law, we exercise free review. *Id.*

Unjust enrichment and quantum meruit are related theories of liability, but carry different measures of recovery. *See generally, Peavey v. Pellandini*, 97 Idaho 655, 659–61, 551 P.2d 610, 614–16 (1976). Unjust enrichment theory allows recovery where the defendant has received a benefit from the plaintiff and it would be inequitable to allow the defendant to retain the benefit without compensating the plaintiff for its value. *Beco Const. Co. v. Bannock Paving Co.*, 118 Idaho 463, 466, 797 P.2d 863, 866 (1990); *Continental Forest Products, Inc. v. Chandler Supply Co.*, 95 Idaho 739, 743, 518 P.2d 1201, 1205 (1974); *Hausam v. Schnabl*, 126 Idaho 569, 573, 887 P.2d 1076, 1080 (Ct.App. 1994); *Idaho Lumber, Inc. v. Buck*, 109 Idaho 737, 745, 710 P.2d 647, 655 (Ct.App.1985). The defendant must make recompense only for that amount of the benefit that would be unjust for the defendant to retain. *Continental Forest Products, Inc.*, 95 Idaho at 743, 518 P.2d at 1205; *Hausam*, 126 Idaho at 573–74, 887 P.2d at 1080–81; *Idaho Lumber, Inc.*, 109 Idaho at 744, 710 P.2d at 654. For a quantum meruit claim, on the other hand, the measure of recovery is the reasonable

---

1. In Erickson's reply brief, he contends that because some portions of Flynn's briefing do not comply with the Idaho Appellate Rules, Flynn's cross-appeal should be dismissed. While some portions of Flynn's briefing do refer to documents that are not part of the appellate record, these portions are simply superfluous and are not necessary to support Flynn's claims of error. Therefore, this Court will not dismiss Flynn's cross-appeal, but will consider those issues that Flynn has supported with argument and authority. I.A.R. 35(b)(6).

value of the services rendered or of goods received, regardless of whether the defendant was enriched. *Peavey,* 97 Idaho at 659–61, 551 P.2d at 614–16; *Hartwell Corp. v. Smith,* 107 Idaho 134, 141, 686 P.2d 79, 86 (Ct.App.1984). Under either theory, the plaintiff carries the burden of proof. *Peavey,* 97 Idaho at 661, 551 P.2d at 616; *Hausam,* 126 Idaho at 574, 887 P.2d at 1081.

■ The district court chose the cost of photographing Erickson's coins as the measure of its quantum meruit award to Erickson. We conclude that this was an erroneous measure of damages for either an unjust enrichment or a quantum meruit award. The district court based this award on its finding that the "basic theme" of the parties' dealings was that Erickson would allow Flynn to use his coins, and Flynn would provide photographs to Erickson. This reasoning is flawed because the district court also found that the parties' dealings did not result in a contract. The cost of photographing Erickson's coins would have been an appropriate measure of damages only if the district court had found there was an enforceable contract calling for Flynn to provide photographs to Erickson. Any award for unjust enrichment or quantum meruit must be based on, respectively, some measure of enrichment that Flynn received from his use of Erickson's coins or the value of Erickson's service in loaning the coins (i.e., the fair value of Flynn's use of the loaned coins). *See Peavey,* 97 Idaho at 660–61, 551 P.2d at 615–16. The district court specifically found, however, that the evidence did not show any such pecuniary value, and Erickson has not identified any evidence from which the district court could have ascertained such a value.

■ Rather than directing us to evidence in the record showing unjust enrichment or quantum meruit damages, Erickson argues that the record on appeal is insufficient to allow our review of this issue. He contends that Flynn's challenge to the sufficiency of the evidence for the damage award "is critically flawed because of the lack, by stipulation of the parties, of a complete record." He contends that the record is incomplete because the parties stipulated that the transcripts of seven witnesses' depositions would be admitted into evidence and that the district court could then review the parties' written evidentiary objections, as well as objections recorded in the depositions, and rule on the admissibility of any challenged portions of the deposition testimony in the parties' absence. Because no record was made showing which objections were sustained and which were overruled, Erickson argues that the record is inadequate for appellate review.

We disagree with Erickson's contention. The record before us is not incomplete merely because we are unable to determine whether the district court ruled that certain portions of deposition testimony were admissible or inadmissible. No rulings on the evidentiary objections are at issue in this appeal. The transcripts are available for our review, and Erickson has had the opportunity to direct us to any evidence within them that would support an award for unjust enrichment or quantum meruit. He has not done so.

■ In our review of the record, we have found no evidence showing any enrichment of Flynn created by his use of Erickson's coins. To the contrary, Flynn testified that he had lost money on the production of his book. Nor is there evidence of any measurable value of Erickson's service in loaning the coins. A number of coin collectors, testifying by deposition, said that they had loaned coins to Flynn and to other authors so the coins could be photographed and discussed in published books, and that the only "compensation" they received was an acknowledgment in the book and a free copy of the book. Other witnesses who had authored books on coin collecting testified to this same practice when they borrowed coins, and one said that this form of compensation was the "standard" in the coin-collecting field.

Having fully examined the record, we conclude that there is no substantial and competent evidence to support an award of damages to Erickson on a theory of unjust enrichment or quantum meruit, and this claim should have been denied for lack of proof at trial.

## B. Attorney Fees

Both parties raise challenges to the district court's decisions regarding costs and attorney fees. Because we reverse the district court's award of $1,500 to Erickson for quantum meruit, Flynn has become the prevailing party on all of the litigated claims. Therefore, we must vacate the district court's allocation of costs and fees, which was made on the premise that each party had prevailed in part, and remand the case to the district court for reconsideration of the award. *See Baxter v. Craney*, 135 Idaho 166, 174, 16 P.3d 263, 271 (2000).

Before doing so, however, we must address the parties' arguments as to whether the "commercial transaction" clause of I.C. § 12–120(3) authorizes an award of attorney fees for litigating unjust enrichment or quantum meruit claims. Section 12–120(3) requires an award of attorney fees to the prevailing part in an action arising out of "any commercial transaction." The test for determining whether this provision authorizes an award of attorney fees is "whether the commercial transaction comprises the gravamen of the lawsuit." *Brower v. E.I. DuPont Nemours and Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). This requires that there be a commercial transaction that is integral to the claim, and that the commercial transaction is the basis upon which recovery is sought. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 471, 36 P.3d 218, 223 (2001); ·*Brooks v. Gigray Ranches, Inc.*, 128 Idaho 72, 78, 910 P.2d 744, 750 (1996).

Attorney fees unquestionably are to be awarded under this subsection where the cause of action is for breach of a commercial contract. *See, e.g., Walker v. American Cyanamid Co.*, 130 Idaho 824, 834, 948 P.2d 1123, 1133 (1997); *Ward v. Puregro Co.*, 128 Idaho 366, 370, 913 P.2d 582, 586 (1996); *Cannon Builders, Inc. v. Rice*, 126 Idaho 616, 624, 888 P.2d 790, 798 (Ct.App.1995); *Hilt v. Draper*, 122 Idaho 612, 622, 836 P.2d 558, 568 (Ct.App.1992). Where the claim is

contractual, fees must be awarded to the prevailing party even though, as here, liability under the contract was not established. *Property Mgmt. West, Inc. v. Hunt*, 126 Idaho 897, 900, 894 P.2d 130, 133 (1995); *Magic Lantern Productions, Inc. v. Dolsot*, 126 Idaho 805, 808, 892 P.2d 480, 483 (1995). Attorney fees are not authorized under § 12–120(3), however, where a tort claim is involved, even if the claim is intimately associated with a commercial transaction. *Rockefeller v. Grabow*, 136 Idaho 637, 644, 39 P.3d 577, 584 (2001). Here, the dealings between Erickson and Flynn were commercial in nature, but no contract was created. Therefore, we must determine whether the unjust enrichment and quantum meruit theories are, like a tort theory, insufficient to implicate the "commercial transaction" clause of I.C. § 12–120(3).

Idaho appellate courts have not squarely addressed the question whether the commercial transaction clause authorizes an award of attorney fees on a claim for unjust enrichment or quantum meruit that arose in a commercial context. In *Anderson v. Schwegel*, 118 Idaho 362, 366–67, 796 P.2d 1035, 1039–40 (Ct.App.1990), this Court awarded attorney fees based on I.C. § 12–120(3) to a party who had recovered for unjust enrichment, but the specific issue of whether § 12–120(3) could apply to unjust enrichment claims was not raised by the parties or addressed by the Court. Therefore, *Anderson* does not resolve the issue before us.

In *Great Plains*, 136 Idaho at 472, 36 P.3d at 224, the Idaho Supreme Court declared that "Idaho Code § 12–120(3) does not require that there be a contract between the parties before the statute is applied; the statute only requires that there be a commercial transaction." We interpret this statement to mean that the term, "commercial transaction," may extend beyond situations where a contract was formed.[2] *Great Plains* also seems to suggest that the commercial transaction clause authorizes an award of attorney fees where the theory of recovery is unjust enrichment, the "transac-

---

2. The Court did not, however, define what type of dealings, other than a contract, might amount to a "transaction."

tion" is commercial in nature, and the parties "transacted" directly with each other. In that case, there was a contract between a pipeline company and a general contractor to build a natural gas pipeline and related facilities. After the general contractor went bankrupt, subcontractors and suppliers sued the pipeline company on various theories, including unjust enrichment. The pipeline company prevailed. In addressing the pipeline company's request for attorney fees incurred in defending a subcontractor's unjust enrichment claim, the Idaho Supreme Court said that "the gravamen of that claim was a commercial transaction." *Id.* at 472, 36 P.3d at 224. The Court nevertheless denied the pipeline company's request for attorney fees because: "The only commercial transaction took place between the respective subcontractor and [the general contractor], and [the general contractor] and [the pipeline company]. At no point were [the pipeline company] and the subcontractors involved in a transaction." *Id.* In the absence of a transaction between the litigants, the Court held, the pipeline company could not recover fees under § 12–120(3). *Id.* at 473, 36 P.3d at 225.

We reached a similar decision in *Hausam.* In that case, the defendant's son had negotiated and signed a loan agreement to borrow money for the defendant's business. When the loan was not repaid, the lender filed an action against the defendant. We held that the defendant was not liable in contract for the loan because his son had not possessed actual or apparent authority to obtain a loan on the defendant's behalf. We also held that the defendant was nonetheless liable to the lender for unjust enrichment because the defendant had received the loan proceeds. We then concluded that the lender could not recover attorney fees under § 12–120(3) as the prevailing party on the unjust enrichment claim because the only "commercial transaction" that had occurred was between the plaintiff and the defendant's son, to which the defendant was not a party. *Id.* at 575, 887 P.2d at 1082.

*Great Plains* and *Hausam* suggest that for the commercial transaction clause of § 12–120(3) to apply, at a minimum, the claim

must arise from some direct commercial dealings, negotiation or other interaction between the two litigants. *Great Plains* further suggests that this interaction need not result in the creation of a contract. It is our conclusion that Erickson's unjust enrichment and quantum meruit claims in the present case present the type of noncontractual commercial transaction contemplated by the Supreme Court in *Great Plains* to which § 12–120(3) will apply. Both unjust enrichment and quantum meruit are referred to as species of "quasi-contract" or implied-in-law contract, *Peavey,* 97 Idaho at 658–60, 551 P.2d at 613–15; *Hausam,* 126 Idaho at 573, 887 P.2d at 1080; *Idaho Lumber, Inc.,* 109 Idaho at 745, 710 P.2d at 655, and both may serve, as Erickson attempted to use them in this case, as an alternative basis for recovery where an alleged agreement was too indefinite to be enforced. *See Anderson,* 118 Idaho 362, 796 P.2d 1035; JOSEPH M. PERILLO, CORBIN ON CONTRACTS, § 1.20, 71–72 (1993). Erickson used his unjust enrichment and quantum meruit claims as a fallback position in the event that his cause of action for breach of contract failed. The quasi-contract claims were presented as an alternative and substitute for Erickson's contract claim, and they were based upon the same facts which were alleged by Erickson to have culminated in a contract but which the trial court found fell short of creating an enforceable agreement. In these circumstances, we conclude that it would defeat the legislative purpose of § 12–120(3)—to allow the prevailing party to recover attorney fees expended in litigating a commercial transaction claim—if Flynn were not allowed to recoup his attorney fees for defense of the quasi-contract claims in this case.

Our holding is a narrow one. We do not imply that § 12–120(3) applies to every unjust enrichment or quantum meruit claim. We hold only that when the quasi-contract claim is presented in the alternative to a breach of contract cause of action as a fallback position in the event that the contract claim fails, and where the quasi-contract claim is based upon the same facts and circumstances as the breach of contract claim, and the alleged transaction is commercial in nature, the prevailing party is entitled to

**438**

recover attorney fees under I.C. § 12–120(3). Accordingly, on remand, the district court should award to Flynn the reasonable amount of his attorney fees incurred in defense of all of Erickson's claims as well as costs awardable under I.R.C.P. 54(d).[3]

 Flynn has also requested attorney fees on appeal pursuant to I.C. § 12–120(3). It is well established that this statute mandates an award of attorney fees on appeal as well as in the trial court. *J.R. Simplot Co. v. Chemetics Int'l, Inc.,* 130 Idaho 255, 258, 939 P.2d 574, 577 (1997). Therefore, Flynn is entitled to an award of attorney fees incurred on this appeal. We note that Flynn has acted pro se during most of the appeal, and a pro se litigant may not recover attorney fees. *Swanson & Setzke, Chtd. v. Henning,* 116 Idaho 199, 201–02, 774 P.2d 909, 911–12 (Ct.App.1989). Flynn was represented by an attorney, however, between April 10, 2001, when Erickson filed his notice of appeal, and September 28, 2001, when Flynn's attorney was granted leave to withdraw. Accordingly, Flynn is entitled to an award of attorney fees for such work on this appeal as may have been performed by his counsel between those dates.

## CONCLUSION

The district court's judgment awarding Erickson a quantum meruit recovery of $1,500 is reversed and the district court's award of costs and attorney fees vacated. The case is remanded to the district court for determination of the amount of attorney fees and costs to be awarded to Flynn as the prevailing party on all causes of action. Costs and attorney fees on appeal are awarded to Flynn in an amount to be determined pursuant to Idaho Appellate Rules 40 and 41.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

**3.** Other issues raised by the parties have been rendered moot by our disposition of Erickson's claim for unjust enrichment or quantum meruit and our application of I.C. § 12–120(3).