**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **TOMLINSON BLACK NORTH IDAHO**,<br><br>          Plaintiff - Appellee,<br><br>  v.<br><br>**GERALDINE KIRK-HUGHES, an individual doing business as Kirk-Hughes and Associates, doing business as Kirk-Hughes, LLC, doing business as Kirk-Hughes Development, LLC**,<br><br>          Defendant - Appellant,<br><br> and<br><br>**KELLY POLATIS, an individual; DOES 1-10; DELANO D. PETERSON**,<br><br>          Defendants. | No. 08-35900<br><br>D.C. No. 2:06-cv-00118-RHW<br><br>**MEMORANDUM** [*] |

Appeal from the United States District Court
for the District of Idaho
Robert H. Whaley, Senior District Judge, Presiding

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 5, 2009[**]
Portland, Oregon

Before:        **KOZINSKI**, Chief Judge, **FISHER** and **PAEZ**, Circuit Judges.

In Idaho, an express agreement bars recovery for unjust enrichment only if it is enforceable and covers the same subject matter. Vanderford Co., Inc. v. Knudson, 165 P.3d 261, 272 (Idaho 2007). The jury reasonably could have found that the agreement between the parties in this case did not apply to the transaction that was the subject of dispute. Therefore, the district court did not err by refusing to grant Kirk-Hughes judgment as a matter of law. Nor did the existence of an express agreement bar an award of damages. "An award for unjust enrichment may be proper even though an agreement exists." Bates v. Seldin, 203 P.3d 702, 706 (Idaho 2009).

The district court also did not err by submitting the issue of unjust enrichment to a jury. A court may, "with the parties' consent, try any issue by a jury." Fed. R. Civ. P. 39(c)(2). Kirk-Hughes consented to trial by jury, and the district court did not abuse its discretion in rejecting her last-minute change of heart. Cf. White v. McGinnis, 903 F.2d 699, 703 (9th Cir. 1990) (en banc).

---

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The award of attorney's fees to Tomlinson was proper. The sale of property for the purpose of development was a "commercial transaction," Idaho Code § 12-120(3), and the Idaho Court of Appeals has held that fees are appropriate in cases almost exactly like this one, see Erickson v. Flynn, 64 P.3d 959, 966–67 (Idaho Ct. App. 2002).

**AFFIRMED.**